# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OSCAR SALAZAR**, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 93-452 (GK) |
| **DISTRICT OF COLUMBIA**, *et al.*, | : |
| Defendants. | : |

## MEMORANDUM OPINION

There are four Motions pending before the Court at this time: Plaintiffs' Motion to Compel Defendants to Provide EPSDT Services to Class member NHB ("NHB Motion") [Dkt. #1055]; Plaintiffs' Motion to Compel Defendants to Provide EPSDT Services to Class Member OUL and to Compel Defendants to Require Remedial Actions Be Undertaken By Health Right to Protect the Plaintiff Class ("OUL Motion") [Dkt. #1059]; Defendants' Motion to Strike OUL Motion [Dkt. #1064]; and Defendants' Motion to Stay OUL Motion [Dkt. #1065]. The Court is most distressed to note that counsel on both sides are wasting time in this important case, on which they have all worked so conscientiously and so doggedly over many years, on procedural foolishness. Upon consideration of all these Motions, the Oppositions filed to Docket Nos. 1055, 1059, 1064, and 1065; the Replies filed to Docket Nos. 1055, 1059, 1064, and 1065; the extensive record in this case; and the oral representations provided by counsel in an on-the-record conference call on September 1, 2005, the Court concludes as follows:

1. Defendants' Motion to Stay Consideration of Plaintiffs' OUL Motion until the Court rules on their Motion to Strike Plaintiffs' OUL Motion is **denied**. While it is true that Defendants failed to comply with Paragraph 80 of the Settlement Order of January 25, 1999 ("Settlement

Order") and that that has been an ongoing problem with the District of Columbia, that is not the only reason for denying the Motion. Instead of filing a Motion for Stay, the Defendants should have filed an Opposition to Plaintiffs' OUL Motion to Compel rather than burden the Court and Plaintiffs' counsel with more paperwork. Defendants may have 15 days in which to file said Opposition, if necessary, in light of other rulings the Court will be issuing in this Order.

2.  Defendants' Motion to Strike Plaintiffs' OUL Motion is **denied.** Such motions to strike are generally disfavored by the courts. Aftergood v. CIA, 355 F. Supp.2d 557, 565 (D.D.C. 2005). As Plaintiffs note in their Opposition to the Motion to Strike, Defendants should be making all of their substantive arguments against the merits of the Motion in the customary way by filing an Opposition. Consequently, the Motion to Stay will be also **denied**, although Defendants, as noted in paragraph 1, will be given 15 days to respond to the Motion if they need that much additional time, in light of the other rulings contained in this Order.

3.  Initially, Plaintiffs moved for Defendants to provide Applied Behavioral Analysis (ABA) therapy to class member NHB, who suffers from autism and behavioral disorders. Although the parents of NHB had to arrange for and pay a total of $1,120 for the ABA therapy for a substantial period of time, they have since been reimbursed by the relevant provider, Amerigroup, for the six claims that they have submitted. On April 15, 2005, ABA's parents were informed by the District that Medicaid's coverage of his ABA therapy would cease on May 2, 2005, because the Centers for Medicare and Medicaid Services ("CMMS") of the Department of Health & Human Services had concluded that ABA therapy is not a Medicaid-covered service.

Case 1:93-cv-00452-GK   Document 1084   Filed 09/06/05   Page 3 of 5


Because his parents requested a fair hearing on April 29, 2005, prior to termination of services on May 2, 2005, NHB was entitled to a continuation of his services and reimbursement of out-of-pocket expenses while the issue was being decided in the Fair Hearing Process. On May 11, 2005, Plaintiffs moved to stay the proceeding in the Office of Administrative Hearings, and that request was granted. As counsel explained during their discussion with the Court on September 1, 2005, any appeal from whatever final decision might be reached by the Office of Administrative Hearings once the stay is lifted, would go to the District of Columbia Court of Appeals. Consequently, there is no current dispute over reimbursement, although it is possible that NHB's parents could be obligated to repay the District of Columbia for its reimbursement of their out-of-pocket expenses if they lose their appeal.[1]

On August 1, 2005, NHB and his parents moved to Virginia; however, he remained eligible for District of Columbia Medicaid services until September 1, 2005.

What Plaintiffs are really seeking in their NHB and OUL Motions is a determination that they may bring such matters – denial of benefits to a class member – to this Court' attention for decision making under Paragraph 36 of the Settlement Order of January 25, 1999, rather than under the Fair Hearing Process required by 42 U.S.C. § 1396(a) and 42 C.F.R. Pt. 200, and provided by D.C. Code 2-1831.03 (2001). This request rests on an incorrect interpretation of Paragraph 36 and ignores the long history parties have had enforcing and implementing the Settlement Order of January 25, 1999.

---

[1] It should be noted that OUL is also receiving the many different services he needs. Nor are his parents paying for those services. The only issue in question in that Motion is whether the three months of services that he was denied, because his prior MCO disapproved them, should be provided to him now as compensatory services.

The purpose of Plaintiffs' lawsuit, of this Court's ruling in <u>Salazar v. District of Columbia</u>, 954 F. Supp. 278 (D.D.C. 1996), and of the governing Settlement Order is to provide, in accordance with Federal law, the provision of early and periodic screening, diagnostic and treatment services (EPSDT) requested by, or on behalf of, children. This lawsuit has always been focused on building and improving a <u>system</u> of health care for poor children in the District of Columbia. Moreover, it was never envisioned that this Court would be the final arbiter of all <u>individual</u> claims for services under the District's EPSDT program. Such a result would conflict with and replace the Fair Hearing Process that has been established in the District of Columbia and approved by CMMS, which provides for final judicial review by the District of Columbia Court of Appeals. It was never intended that Paragraph 36 would replace the fair hearing process and that this Court would then decide what could be untold numbers of individual fair hearing disputes over reductions, modifications, or terminations of specific medical services under the Medicaid statute. Neither Paragraph 36 of the Settlement Order nor any other provision of that Order supports the construction which Plaintiffs seek to give it.[2] Finally, neither the constitutionality nor the systemic inadequacy of the District of Columbia's Fair Hearing Process adopted pursuant to the Medicaid statute and regulation were ever litigated in the trial of this case. For these reasons, Plaintiffs must return to the

---

[2] Plaintiffs cite the instance of DB, who sought direct Court intervention in order to obtain the services that would allow her to remain at home with her father. The resolution of that Motion is not a persuasive analogy for several reasons. First, it was an emergency situation that had to be resolved quickly since DB had many very serious medical conditions. Sadly, she has since died. Second, the District of Columbia never contested the procedure used by Plaintiffs and, indeed, at the Court's urging, made every effort to settle the matter as quickly as possible in order to provide services to DB. There were significant factual, logistical, and legal complexities to DB's situation, and all parties worked very hard to resolve them, so that DB's best interests would be served and so she could remain with her father as long as possible.

Fair Hearing Process and seek relief in the D.C. Court of Appeals if necessary. Consequently, their Motion to Provide EPSDT services to Class Member NHB must be **denied**.


September 6, 2005                                   /s/
                                                    Gladys Kessler
                                                    United States District Judge