UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR SALAZAR, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 93-452 (GK) |
| DISTRICT OF COLUMBIA, et al., : | |
| : | |
| Defendants. : | |
| : | |

**MEMORANDUM OPINION**

Plaintiffs filed a Motion for an Award of Litigation Costs, Including Attorneys' Fees and Out-of-Pocket Expenses, for January-June, 2003. The Court deferred ruling upon that portion of the Motion which pertained to work Plaintiffs performed on the Motion for an Order Setting Penalties for Defendants' Failure to Meet Deadlines ("Penalties Motion") until the latter Motion was decided. The Penalties Motion has been decided as of this date. Upon consideration of Plaintiffs' Motion for $42,535.90 in attorneys' fees, Defendants' Opposition, Plaintiffs' Reply, and the entire record herein, the Court concludes that the portion of the Motion pertaining to work performed on the Penalties Motion is **granted in part and denied in part**.

There is no question that Plaintiffs' counsel for the class which prevailed in this case are entitled to an award of attorneys fees for "post-judgment monitoring of a consent decree." Pa. v. Delaware Valley City Council, 478 U.S. 546, 558-59 (1986). Plaintiffs' counsel would be entitled to compensation for their work on the Penalties Motion, therefore, whether or not Plaintiffs prevailed on that Motion. In this instance, however, Plaintiffs have prevailed in substantial part on the underlying Motion requesting that this Court set penalties for any future failure of Defendants to meet deadlines and, therefore, there can be no question that a fee award is appropriate.

The issue in this Motion is the reasonableness of the amount sought. Plaintiffs request compensation for 160 hours of attorney time spent on the Motion. Whether we analyze that 160 hour figure in terms of a six-hour billable day or an eight-hour billable day (the latter being some what unrealistic), we are talking about an expenditure of at least 20 attorney days -- a full month -- on the preparation of this one Motion. Moreover, the Motion involved virtually no legal analysis whatsoever, apart from a discussion of <u>Evans v. Williams</u>, 206 F.3d 1292, 1295 (D.C. Cir. 2000).

Despite the fact that Plaintiffs did prevail on much of their request, the amount of time spent on this Motion is excessive and simply cannot be justified. A relatively inexperienced lawyer spent 142 hours on the opening Motion papers. The Court suspects that he was not given sufficient direction and supervision to focus his work so that his time would be spent in the most efficient manner. What is more, there is no question that at least some of the work he performed could have been handled by either a paralegal or a law clerk. For example, as the Defendants pointed out in their Opposition at p. 2, Mr. Shaw spent 22 hours on the purely clerical task of preparing exhibits.

For all these reasons, the Court concludes that the number of hours spent by Plaintiffs preparing the Motion must be reduced by 50 percent. Defendants made no objection to the 20.75 hours which Plaintiffs expended on the reply brief in support of their Penalties Motion and, therefore, there will be no reduction in those hours.

**WHEREFORE**, it is this 7th day of July, 2006, hereby

**ORDERED**, that Plaintiffs' Motion is **granted in part and denied in part**.

/s/
Gladys Kessler
United States District Judge