UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **OSCAR SALAZAR**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 93-452 (GK) |
| | : | |
| **DISTRICT OF COLUMBIA**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Plaintiffs have filed a Motion for an Order Setting Penalties for Defendants' Failure to Meet Deadlines. Upon consideration of the Motion, the Opposition, the Reply, and the extensive record herein, the Court concludes that the Motion should be **granted in part and denied in part**.

More than three years ago, on March 20, 2003, Plaintiffs filed the instant Motion requesting that the Court establish a specific schedule of penalties to which Defendants will be subject in the future, because of their repeated past failures to comply with deadlines established in the January 22, 1999 Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997 ("Settlement Order"), subsequent Court orders entered in this case, and provisions of both the Local Rules and the Federal Rules of Civil Procedure. As of March 20, 2003, Plaintiffs identified, in a chart contained in pages 4-8 of their Motion, 35 instances between 1998 and 2003 where Defendants failed to meet deadlines contained in the Settlement Order or other Orders and three instances where Defendants failed to meet deadlines set by Federal or Local Rules. In their Opposition, Defendants commendably acknowledged that they had, "all too frequently," missed

many deadlines. Defs. Opp. at 1. For many reasons, the Court chose to not rule on Plaintiffs' Motion at the time it was filed.

In the three years since the Motion was filed, there have been many additional instances in which Defendants have failed to meet deadlines imposed by the Settlement Order -- such as failing to submit quarterly reports, corrective action plans, and other types of reports specified in the Settlement Order -- in a timely fashion. Defendants have also failed to meet various deadlines imposed by other Orders of the Court, including those related to the submission of audits of the Forms 416, Paragraph 48(b) Reports, and the payment of attorney fees as ordered by the Court, and have failed to file, in innumerable instances, pleadings within the deadlines specified by Fed. R. Civ. P. 5, 6 and LCvR 7. In many instances, after Plaintiffs filed requisite notices of their intention to file a Motion, under LCvR 7.1(m) and ¶ 80 of the Settlement Order, Defendants failed to file any response indicating whether they did or did not oppose the motion and whether they were prepared to negotiate in good faith during the 10 day pre-filing period in an effort to resolve the dispute without Court intervention.[1]

The Court acknowledges that in the three years since the filing of the Motion, Defendants have improved on their previous record -- a record which was pretty dismal. The Court also recognizes that the Office of the Attorney General is always overworked and beset by front-page emergencies, as well as an enormous routine workload. However, the reality is that Defendants have simply not been held to the same standards and the same deadlines other litigants would be held to. Nor can one party be allowed to frequently ignore deadlines and Court Orders. Moreover,

---

[1] The Court has not prepared the kind of elaborate listing that Plaintiffs submitted in their Motion, but the record speaks for itself.

Defendants' failure to comply in so many instances with the many deadlines contained in the complex remedial scheme they agreed to in the Settlement Order of 1999 has definitely interfered with the Court's ability to ensure compliance with the consent decree and ensure that the members of the Plaintiff class obtain the medical services to which the Medicaid statute entitles them.

The Court firmly believes that by setting out in black and white what financial penalties the Defendants will face if they continue their failure to adhere to well-established deadlines, Defendants will be put on full notice of the sanctions which will be imposed. Thus, by warning Defendants of the risk they face for violation of Court Orders and relevant Court rules, they should be deterred by this civil, coercive remedy from similar conduct in the future. Evans v. Williams, 206 F.3d 1292, 1295 (D.C. Cir. 2000); Int'l Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 828 (1994).

Moreover, as the accompanying Order herein provides, imposition of the fines will not be automatic. Rather, Defendants will be given an opportunity to oppose any fines which Plaintiffs may seek, via a praecipe. Thus, the Court would retain discretion to consider any mitigating circumstances pertaining to specific missed deadlines.

As to Plaintiffs' request that the Court should automatically enter a Default Judgment on any occasions when Defendants fail to file a pleading within the time specified by the Federal and Local Rules, that request is **denied**. The Court of Appeals has always expressed a preference for rulings on the merits, and virtually any Motions filed in this case, by either side, would have a serious impact on all or part of the Class. Therefore, an automatic default would be most inappropriate.

Finally, Defendants may always file for an extension of time, if necessary. Defendants should not view that statement as an invitation to avoid their obligations under the 1999 Settlement

Order or any other Court Orders or Rules; however, emergencies and unforeseen circumstances do occur and Defendants will always have the option of asking for this relief.

For all these reasons, the Court concludes that the Motion should be **granted in part and denied in part**.

/s/
Gladys Kessler
United States District Judge

July 7, 2006