**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OSCAR SALAZAR, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 93-452 (GK) |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Plaintiffs, on behalf of the class they represent, have filed a Motion for Reconsideration of the Memorandum Opinion and Order issued September 6, 2005, concerning class members' claims for EPSDT services. Upon careful consideration of the Motion, the Defendants' Opposition, the Reply, and the lengthy and complex record in this case, the Court has become convinced that the conclusion it reached in the September 6, 2005 Memorandum Opinion was in error and that Plaintiffs' Motion must be **granted**.

In the Memorandum Opinion and Order issued September 6, 2005, the Court denied Plaintiffs' Motion to Compel Defendants to Provide EPSDT Services to Class Member NHB. NHB is an autistic child who had been receiving Applied Behavioral Analysis ("ABA") therapy for a substantial period of time to address his autism and behavioral disorders. When NHB's parents were informed that he would no longer receive that therapy because the Centers for Medicare and Medicaid Services of the United States Department of Health and Human Services had concluded that ABA therapy was not a Medicaid-covered service, Plaintiffs' counsel filed a Motion to Compel provision of such services to NHB. OUL is also an autistic child who had been receiving ABA

therapy. In his case, the Defendants refused to pay for three months of his therapy, because they challenged its medical necessity.[1] The Court is **granting** the Motion for Reconsideration for the following reasons:

l.  Much of the Court's reasoning in the September 6, 2005 Memorandum Opinion was based upon its conclusion that Plaintiffs were presenting, in their claim on behalf of NHB, an individual claim for services under the District's EPSDT Program, rather than a challenge to a systemic issue covered by the January 25, 1999 Order Modifying the Amended Remedial Order of May 6, 1997 and vacating the Order of March 27, 1997 ("Settlement Order"). That Order focused on improving a comprehensive and integrated system of health care for poor children in the District of Columbia. After much re-thinking, the Court is convinced that its original analysis was incorrect.

It is certainly true that the denial of ABA therapy is being raised in the context of an individual claim, namely, NHB's particular situation. But, as Plaintiffs point out, the overarching legal issue in deciding NHB's claim is whether the District of Columbia's Medicaid Program is barred from providing such therapy because it is not covered by the Medicaid statute. That position of the District of Columbia is applicable to all children in the Plaintiff class who have been or will in the future be prescribed ABA therapy services to correct or ameliorate their autism or related autistic disorders. Thus, this is not an issue pertaining to NHB only, but rather an issue which affects all autistic children who may use or need such services.[2]

---

[1]  Plaintiffs have made clear that the only portion of the Memorandum Opinion of September 6, 2005, for which they are requesting reconsideration, is that portion denying the Motion to Provide EPSDT Services to NHB.

[2]  Plaintiffs have represented, on information and belief, that a significant number of children in the Medicaid population receive or need such services. Based on a report by the
(continued...)

2.	Plaintiffs have made it very clear in their papers that they are not making either an individual or a systemic challenge to the administrative Fair Hearing Process operated by the Office of Administrative Hearings which denies, terminates, or reduces EPSDT services.  Rather, their challenge on behalf of NHB is brought under the Settlement Order.

Paragraph 36 of the Settlement Order contains the following broad injunctive language: "Defendants shall provide or arrange for the provision of early and periodic screening, diagnostic, and treatment services ("EPSDT") when they are requested by or on behalf of a child."  Paragraph 80 sets forth the procedures for implementing the substantive obligation contained in paragraph 36. It requires that before any party may request the Court to enforce or construe the Settlement Order, it must give the other party 10 days notice of its intention, and during that 10-day period, negotiate in good faith in an effort to resolve the dispute without seeking a decision from the Court.  Thus, the only limit on a class member's right to seek redress for violation of the EPSDT injunctive provisions of the Settlement Order is that Defendants must be given 10 days notice of any intended motion, and the parties must use that 10 days to negotiate in good faith.

It is significant that the Settlement Order -- which was crafted with great time, effort, and care by the parties -- includes a very different set of procedures which class members must use in enforcing other injunctive provisions.  For example, as to claims involving delayed application processing, the parties expressly spelled out that class members would not have the right to enforce the provisions of the Settlement Order in this Court.  See Settlement Order, ¶ 7.  As to claims involving improper recertification procedures, the Settlement Order again provided that class

---

²(...continued)
Delmarva Foundation to the District of Columbia, Plaintiffs suggest that more than 100 children are potentially affected by the legal issue raised in NHB's Motion.

members would have no right to enforce the injunctive provisions of the Settlement Order in this Court, and could assert their rights only by using the Fair Hearing Process. See Settlement Order, ¶ 18. Finally, while it is true that with respect to claims for reimbursement for out-of-pocket medical expenses the Settlement Order contains a broad injunctive paragraph (¶ 62), the Reimbursement Procedures Order of September 15, 1997, explicitly requires any dissatisfied class member to first use the Fair Hearing Process before taking an appeal to this Court. In contrast to these very explicit procedural requirements which vary slightly one from another, the Settlement Order contains no limitation on enforcement of its provisions by individual class members alleging denial of their EPSDT services.

The failure of the EPSDT Program to provide treatment services to class members was a major issue in the lengthy trial on the merits of this litigation. The very broad injunctive relief contained in ¶ 36 of the Settlement Order was designed to ensure that children receive whatever EPSDT screening and treatment services were prescribed for them by medical professionals. The parties knew how to include provisions in the Settlement Order requiring aggrieved parties to first use the Fair Hearing Process in claims regarding applications, recertifications, and reimbursements for medical costs. The parties chose to not include in the Settlement Order any similar provisions limiting access to the Court on systemic class-wide issues regarding EPSDT claims.[3]

---

[3] As noted earlier, class-wide issues will, of necessity, usually be raised in the context of an individual child who is alleging denial of services. The Court emphasizes that this is not to suggest that every "garden variety" individual claim of denial of EPSDT services is to be brought to the Court. Indeed, Plaintiffs have directly addressed that argument and pointed out that in fact "there has been no 'exponential expansion' of this case through the litigation of individual claims by counsel for the Plaintiff class." Pls.' Reply Mem. at 8 n. 2. The Court expects that Plaintiffs' counsel will continue to exercise such professional restraint.

3.      Finally, Defendants have never before argued that individual EPSDT claimants have no right to present their claims to the Court. In the lengthy time that this Settlement Order has been in effect, only three such individual claims have actually been brought: one regarded the provision of emergency services to DB, and two regarded the provision of ABA therapy to NHB and OUL.

As the Court noted in its original September 6, 2006 Memorandum Opinion and as it now reiterates:

> it was never envisioned that this Court would be the final arbiter of all <u>individual</u> claims for services under the District's EPSDT program. Such a result would conflict with and replace the Fair Hearing Process that has been established in the District of Columbia and approved by CMMS, which provides for final judicial review by the District of Columbia Court of Appeals. It was never intended that Paragraph 36 would replace the fair hearing process and that this Court would then decide what could be untold numbers of individual fair hearing disputes over reductions, modifications, or terminations of specific medical services under the Medicaid statute.

However, claims of <u>systemic</u> denial of EPSDT treatment services fall squarely within paragraph 36 of the Settlement Order.[4]

* * * *

---

[4]     Plaintiffs have already brought two other class-wide challenges to systemic denials of EPSDT services, one relating to lead blood screening and the other relating to dental services.

For these reasons, the Motion for Reconsideration is **granted**.

May 29, 2008                                             /s/
                                                         Gladys Kessler
                                                         United States District Judge

**Copies via ECF to all counsel of record**