UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR SALAZAR, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 93-452 (GK) |
| : | |
| THE DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |

**MEMORANDUM OPINION**

Plaintiffs have filed a Motion for an Award of Attorneys' Fees for Their Representation of Class Members NHB and OUL from January-June 2005. They seek $36,069.68 for that work. Upon consideration of the Motion, the Opposition, and the Reply, the Court concludes that the Motion should be **granted in part and denied in part** for the following reasons.

1. The work that Plaintiffs performed in seeking to obtain ABA therapy for two autistic children, NHB and OUL, is clearly compensable as post-judgment monitoring work under the Settlement Order. Both children were class members, who were denied EPSDT services (namely, the ABA therapy) that had been prescribed by their treating physicians. See Settlement Order, ¶ 36 and the Court's Memorandum Opinion and Order granting Plaintiffs' Motion for Reconsideration of the Memorandum Opinion and Order Issued September 6, 2005.

2. Defendants argue that Plaintiffs' request rests on application of the so-called "catalyst theory" of awarding attorneys' fees, and that such theory has been rejected by the Supreme Court in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources, 532 U.S. 589 (2001). The Defendants are wrong for two reasons. First, Buckhannon is inapplicable to this case. There, the suit was dismissed prior to any resolution on the merits after the Plaintiffs had achieved

their desired resolution out of court. In this case, as the parties know, Plaintiffs prevailed on the merits, obtained a judgment, and are now seeking to enforce that judgment on behalf of the members of the Plaintiff class. Second, Plaintiffs are not relying on the catalyst theory. Instead, they correctly base their request for attorneys' fees on post-judgment monitoring or implementation of the Settlement Order. There is no question that such post-judgment monitoring is compensable. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 545, 557-61 (1986).

3. Plaintiffs are now prevailing parties on the NHB-OUL Motions. The Court has granted their Motion for Reconsideration and held that Plaintiffs' counsel may bring claims directly to the Court in order to resolve class-wide EPSDT issues arising from the Settlement Order.

4. Defendants also argue that the number of hours were "wildly excessive." Plaintiffs expended a total of 390.62 hours for both children, although they have deducted 54.14 of the hours spent on their work for OUL;[1] they are seeking fees at the modest hourly rate set in the Settlement Order. As Defendants have pointed out, those hours amount to more than four solid weeks of attorney time with an attorney working eight hours a day, five days a week.

It is certainly true that the quality of Plaintiffs' work is extremely high, and that counsel are conscientious, diligent, attentive to their clients, and that they have successfully resolved many of their clients' claims as part of their post-decree monitoring. Despite that, the number of hours spent on the pending Motions is simply too high. For example, according to Plaintiffs' own papers, they spent more than 27 hours preparing the reimbursement claims for ABA therapy services paid out-of-pocket by NHB's parents; they spent 30 hours preparing an 11 page letter to Defendants requesting

---

[1] Plaintiffs concluded that they lacked evidentiary support to make a claim in their OUL Motion for injunctive relief against Health Right MCO.

provision of ABA therapy services to NHB; they spent more than 50 hours preparing the reply brief in support of their enforcement motion on behalf of NHB; they spent just under 60 hours preparing a 15 page letter to Defendants requesting the provision of three months of compensatory ABA therapy services to OUL; and they spent more than 39 hours preparing the enforcement motion on behalf of OUL.  Consequently, the Court believes it reasonable and fair to apply a 15 percent reduction of $5,410.48 to Plaintiffs' Motion for an Award of $30,659.20.


May 29, 2008                                      /s/                                                        
                                                 Gladys Kessler
                                                 United States District Judge


**Copies via ECF to all counsel of record**