**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **OSCAR SALAZAR,** *et al.*, : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Civil Action No. 93-452 (GK) |
| : | |
| **THE DISTRICT OF COLUMBIA,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## MEMORANDUM OPINION

Plaintiffs have filed a Motion for an Award of Litigation Costs, Including Attorneys' Fees and Out-of-Pocket Expenses, for July-December 2005. Upon consideration of the Motion, the Opposition, the Reply, and the extensive record in this case, the Court concludes that the Motion should be **granted in part and denied in part** for the following reasons.

1. Pursuant to the January 25, 1999 Order modifying the Amended Remedial Order of May 6, 1997 and vacating the Order of March 27, 1997 ("Settlement Order"), Plaintiffs seek attorneys' fees for representing the class during the period of July-December, 2005 in the amount of $324,408.86 (which includes unchallenged expenses of $4,968.15 and unchallenged fee claims of Mr. Cunningham and Ms. Perkins of $14,568.50). Thus, the amount contested in this Motion is $304,872.21.

2. Defendants argue that the $64,298.54 claimed by Plaintiffs for the work performed on individual claims (including the representation of NHB and OUL) was not adequately justified by Plaintiffs in their fee petition. They argue that these claims are not covered in the Settlement

Order, that there is no description of the individual claims, and that there is no identification of the outcome of those claims.

In response, Plaintiffs have submitted Exh. 8, parts 1 and 2, which describes in detail, based on their office time records, the work performed on the individual claims of class members. Plaintiffs also attach Exh. 14, which is a chart identifying every class member whose individual claim Plaintiffs represented during the relevant time period. Plaintiffs' Exh. 14 adequately addresses the concerns raised by Defendants.

The chart shows that Plaintiffs' counsel assisted class members with 49 reimbursement claims, 50 recertification claims, 21 claims for EPSDT services, 7 claims for Medicaid applications, and 5 claims relating to the malfunctioning of EVS. Plaintiffs also documented that they assisted 143 individuals for a total of 446.24 hours of attorney and paralegal time. Thus, on average, Plaintiffs' counsel spent less than four hours assisting each individual -- hardly an excessive amount of time.[1]

The chart also shows the outcome of counsel's work on the individual claims of class members and that positive results were obtained for many of those class members they represented. Based on all of this data, the Court concludes that the work that Plaintiffs' counsel performed on individual claims was unquestionably within the scope of the Settlement Order, and that the hours

---

[1] While use of an average figure may not be the very best way to analyze these figures, it provides at least some meaningful perspective on how much time was being devoted to individual claims.

spent by counsel, especially when averaged out, were reasonable.[2] Plaintiffs have supplied adequate detail to justify their fee request.

      3.      Of the total amount of $64,298.54 claimed for representing individual class members, Plaintiff seeks $12,605.52 for representing individual class members NHB and OUL. Defendants argue that, pursuant to the September 6, 2005 Memorandum Opinion issued by this Court, Plaintiffs are not entitled to any fees for representing these two individual class members. Since the filing of all the pleadings related to this pending Motion, the Court has concluded that Plaintiffs' Motion for Reconsideration [Dkt. #1089] should be granted. Defendants did not offer any substantive opposition to the fees sought for representing NHB and OUL (such as challenging the hourly fee or the number of hours spent), other than the Court's original ruling of September 6, 2005. Since that ruling has now been reversed, Plaintiffs' request for representing NHB and OUL should be granted.

      4.      Plaintiffs seek $16,910.68 in fees for litigating their Motion to reconsider the Court's Order of September 6, 2005. Given that Plaintiffs have now prevailed on that Motion, Plaintiffs' request for these fees should be granted.

---

[2] As Plaintiffs correctly point out in their Reply brief, the nature of the issues presented by individual class members can be very time consuming. For example, reimbursement requests are particularly difficult: low income people who are working two jobs, struggling to make ends meet, and trying to provide a nurturing and supportive home environment for their children, often find it difficult to obtain and keep the kinds of detailed records necessary to satisfy governmental agencies. EPSDT problems inevitably require advocacy skills on the part of counsel and/or paralegals, numerous telephone calls, coordination between the medical professionals and the Medicaid bureaucracy, and procurement and review of medical records. It is obvious that such tasks require much attention to detail and a significant amount of time.

5.     Plaintiffs seek $3,155.83[3] for reviewing monthly reports from the Income Maintenance Administration regarding the processing of initial applications for Medicaid and subsequent recertification of those receiving Medicaid. While Defendants do not object to this amount, they do challenge Plaintiffs' request for $10,989.54 for "recertification analysis."

Defendants argue that Plaintiffs have failed to establish that the work was necessary or that expenditure of such a large number of hours was appropriate. In response, Plaintiffs point out that they receive thousands of pages of recertification data each month regarding each household subject to recertification in that month. Each page must be reviewed and data from it entered into a spreadsheet to prepare reports analyzing whether Defendants have met the 95 percent compliance standard contained in the Settlement Order. Plaintiffs' analysis shows that the Defendants have failed, in every single month since the Settlement Order was entered, to meet its 95 percent processing compliance standard. Thus, there can be little doubt about the need for Plaintiffs to examine IMA's recertification data, and to peruse it with care. Finally, Plaintiffs note that they have spent, on average, a little less than 10 hours each month analyzing the data pertaining to those households subject to the recertification process during that month. Moreover, that analysis is done primarily by paralegals who work at a far lower hourly rate than do attorneys. Consequently, Plaintiffs are entitled to be compensated for their work analyzing recertification data.

6.     Defendants vigorously object to the $48,428.60 Plaintiffs seek in fees for preparing for and attending the regularly scheduled status conferences in this case. The amount represents

---

[3]     Defendants inaccurately indicated that Plaintiffs are seeking $3,155.83 for this task, when, in fact, they are seeking $2,038.71. It should also be noted that Defendants would have no grounds for objecting to this amount because the work was done at Defendants' request.

153.18 hours and Defendants request that it be reduced by 50 percent because of inefficiency and overstaffing. There is much merit to Defendants' argument.

The work that Plaintiffs do to prepare for status conferences, which ordinarily occur every six to eight weeks, is useful. However, the number of hours claimed for this work is truly excessive. Plaintiffs routinely bring three attorneys to the conferences. Plaintiffs spend an excessive period of time preparing the agenda letters. For example, a total of almost 21 hours was spent drafting an agenda letter for the December 2005 status conference and close to nine hours was spent preparing for the conference; as to the July 28, 2005 status conference, Plaintiffs spent 14 hours preparing the agenda letter and a little bit over 13-1/2 hours preparing for the conference; as to the November 1, 2005 status conference, Plaintiffs spent a little over 15 hours preparing the agenda letter and 11.82 hours preparing for the conference. These amounts are simply unwarranted. Therefore, Plaintiffs' request for $48,428.60 for preparing and attending regularly scheduled status conferences must be reduced by 20 percent.

7.  Defendants have requested a 15 percent across-the-board reduction of counsel fees after the Court has made any of the specific reductions they have requested. This request is granted. Plaintiffs' records reveal numerous instances of over-staffing and excessive time spent on certain tasks. A 15 percent across-the-board reduction of all fees (other than for fees attributable to status conferences which have already been adjusted) is fair and appropriate.

For all these reasons, Plaintiffs' Motion is **granted in part and denied in part**.

May 29, 2008                          /s/
                                      Gladys Kessler
                                      United States District Judge