UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR SALAZAR, *et al.*, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 93-452 (GK) |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | : |

**MEMORANDUM OPINION**

Plaintiffs have filed a Motion for an Award of Litigation Costs, Including Attorneys' Fees and Out-of-Pocket Expenses, for January-June, 2006. Upon consideration of the Motion, the Opposition, the Reply, and the extensive record in this case, the Court concludes that the Motion should be **granted in part and denied in part** for the following reasons.

1. Defendants challenge Plaintiffs' claim for $43,792 for legal work performed on their Motion for Discovery on Home Health Care Services.

First, Defendants argue that this Motion was not properly before the Court pursuant to the January 25, 1999 Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1999 ("Settlement Order"). The Court has already granted Plaintiffs' Motion and has concluded that it falls within the parameters of both the Settlement Order and the EPSDT claims Plaintiffs litigated and on which they prevailed.

Second, Defendants vigorously challenge the amount of time spent preparing this Motion, as well as the manner in which Plaintiffs have presented their billing entries. It is not necessary to

reach the second issue regarding the adequacy and clarity of Plaintiffs' billing procedures.[1] Plaintiffs spent 145.27 hours drafting a straightforward, not particularly complex Motion seeking to conduct discovery. In addition, almost 18 additional hours were spent supervising and editing the Motion. Thus, a total of 163.27 hours were spent on this discovery motion -- approximately one month of full time work. This period of time is simply unacceptable. Plaintiffs fail to give any adequate explanation for this enormous expenditure of time. Consequently, Plaintiffs' claim for compensation for work performed on the discovery motion is reduced by 50 percent.[2]

2.      Plaintiffs request $17,336.94 for the work they have done on their Motion for Enforcement of Dental Order of October 18, 2004 and $17,372.94 for the work they performed on their Opposition to Defendants' Motion to Vacate the Dental Order of October 18, 2004. Neither of those Motions has yet been decided. Defendants ask that the Court defer ruling on those two Motions until they are decided. Plaintiffs respond that as long as it was reasonable for them to perform such work, the Court should not defer ruling. Defendants' request is more than reasonable.

---

[1]      It would appear from Plaintiffs' Reply that they have made changes to those procedures to rectify the problems that Defendants found in understanding them.

[2]      There seems to be a slight discrepancy in the papers regarding the amount claimed. Defendants rely upon Dkt. #1289-9, Plaintiffs' exhibit 7, the Plaintiffs' Summary by Category of Work, which indicates that $43,600.10 is claimed for this item. However, in Plaintiffs' papers, they cite the figure of $43,792 for the work performed on this Motion. Counsel need to resolve this slight discrepancy of less than $200.

It is certainly appropriate for the Court to consider the outcome of those Motions in determining the appropriate attorneys' fees.[3]  Consequently, the Court will defer ruling on the request $34,709.88.[4]

       3.      Plaintiffs seek $27,046.44 for work performed on their Motion to make use of the SMRFs mandatory.  There is no question that the Motion falls within the parameters of the Settlement order and was reasonably related to the EPSDT issues successfully litigated at trial.

However, the amount claimed must be reduced substantially.  First, Plaintiffs did not prevail on the Motion.  Second, and more significantly, more than 62 hours were spent preparing the first draft of the Plaintiffs' Motion, and more than 18 hours were spent editing and reviewing that Motion.  In short, more than 81 hours were spent preparing this Motion -- at least two weeks worth of attorney time.  Plaintiffs' Motion was 29 pages long and was accompanied by 26 exhibits.  Much of the material was absolutely unnecessary.  Consequently, Plaintiffs' request for $27,600 must be reduced by 50 percent.[5]

       4.      Plaintiffs seek $29,617.56 for preparing for two regularly scheduled status conferences.  While only one of these actually took place, preparation for the second conference was entirely appropriate because the Court had to cancel that conference on short notice.  However, counsel billed more than 100 hours (74 hours for two junior attorneys and more than 26 hours for two senior partners) to prepare for two conferences and attend one of them.  While the Court has

---

    [3]     In a number of different attorneys' fees opinions, the Court has taken into consideration whether Plaintiffs were successful in their efforts.

    [4]     The Court plans to address both Dental Order Motions in the very near future.

    [5]     Again, there is a small discrepancy between Plaintiffs and Defendants on the amount sought.  Plaintiffs' Exhibit 7 indicates that they are seeking $27,046.44; whereas, Defendants state in their Opposition at p. 7, that Plaintiffs are seeking $27,600.  Counsel should resolve this difference.

previously noted that Plaintiffs' preparation of agenda letters for the status conferences is most helpful and focuses all parties on current issues needing attention, the amount of time spent on these matters simply cannot be justified. Consequently, this amount must also be reduced by 50 percent.

5. Plaintiffs request $11,541.63 for preparation of the fee petition submitted for the first half of 2005. Defendants argue that, given the fact that Plaintiffs' time records are being kept contemporaneously by a computer, preparation of a fee petition should involve "simply an update of prior submissions." Defs.' Opp. at 8. Plaintiffs' fee petition included 36.66 hours of attorney time and more than 16 hours of paralegal time. In response, Plaintiffs deny that preparation of the petition requires "merely an 'update.'" Pls.' Reply at 12. Even though it may be true that Plaintiffs must do additional reviewing of the records to determine exactly what work was completed during the first half of 2005, it should not have taken well over a week of solid work by attorneys and paralegals to complete the fee application. Consequently, Plaintiffs' fee application must be reduced by 20 percent.

6. Plaintiffs request $36,349.32 for representation of individual members of the class, excluding NHB and OUL. Defendants argue that this amount should be reduced by 50 percent for failure to demonstrate billing judgment, over-staffing, and inadequate billing entries. In response, Plaintiffs point out that they represented 140 individual members of the class and have spent on average of less than two and one-half hours per individual. More than half of that time was spent by paralegals and law clerks, and all lawyers and paralegals were paid under the relatively low hourly rates provided in the Settlement Order. Consequently, the Court sees no merit to Defendants' request that this category of fees be reduced.

7.      Defendants also request that all remaining items in the fee application be reduced by 50 percent for failure to demonstrate billing judgment, over-staffing, and inadequate billing entries. While there has definitely been over-staffing by Plaintiffs' counsel and far too much time has been devoted to certain tasks, a reduction of 50 percent is not justifiable. Rather, a reduction of 15 percent is appropriate for those categories of work in the fee application which have not been specifically addressed in this Opinion.

For all these reasons, Plaintiffs' Motion is **granted in part and denied in part**.


May 29, 2008                                              /s/
                                                         Gladys Kessler
                                                         United States District Judge


**Copies via ECF to all counsel of record**