UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OSCAR SALAZAR, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 93-452 (GK) |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Plaintiffs have filed a Motion for an Award of Litigation Costs, Including Attorneys' Fees and Out-of-Pocket Expenses, for July to December 2006. They seek a total of $345,683.39 for this work. Upon consideration of the Motion, the Opposition, the Reply, and the extensive record in this case, the Court concludes that the Motion should be **granted in part and denied in part** for the following reasons.

1.      Defendants challenge Plaintiffs' claim for $38,403.52 for the completion of legal work performed on their Motion for Leave to Conduct Limited Discovery Concerning Compliance with Paragraph 36 of the Settlement Order as it Pertains to the Provision of Home Health Care, Private Duty Nursing, and Personal Care Services ("the Discovery Motion"). In its Order of May 29, 2008, the Court has already ruled that the Discovery Motion, which, at an earlier time, had been granted on the merits, was properly filed pursuant to the January 25, 1999 Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997 ("Settlement Order").

The bulk of the fees in the second half of 2006, which are the subject matter of this Motion, related to responding to the Opposition of both Defendants and HSCSN to Plaintiffs' discovery requests.[1] In the Memorandum Opinion of May 29, 2008, the Court ruled that Plaintiffs' expenditure of 163.27 hours on the Discovery Motion was "simply unacceptable." In the present Motion, Plaintiffs are requesting payment for a slightly smaller number of hours. In their Reply to Defendants' Opposition to the pending Motion, Plaintiffs argue that they attempted to obtain this information before filing the original Discovery Motion, and that the time spent on replying to the Opposition to that original Motion was absolutely necessary. While Plaintiffs are correct that the work had to be done, their compensation must be reduced because the hours are excessive.[2] The claim is being reduced by 25 percent, obviously far less than the 50 percent reduction imposed in the Memorandum Opinion of May 29, 2008. There are two reasons for this disparity in rate of reduction: (1) the original Motion was significantly over-lawyered; and (2) it often takes more time and effort to reply to specific arguments made in oppositions than to lay out opening arguments in a memorandum in support of a motion.

2.      Defendants challenge Plaintiffs' $47,678.23 request for handling individual claims pursuant to the Settlement Order. There is no question that Plaintiffs are entitled to be compensated for their work on individual claims, all of which it must be remembered is billed, under the Settlement Order, at paralegal rates. Plaintiffs spent 242.5 attorney hours and 194.94 paralegal hours

---

[1]      Defendants seem to suggest that Plaintiffs are charging twice for the same work. That is not correct. Plaintiffs requested fees for preparation of the Discovery Motion in their fee petition for January-June 2006 and now request fees in this Motion for preparing a Reply to the Oppositions of Defendants and HSCSN.

[2]      Plaintiffs' total request for litigating the Discovery Motion is $82,145.52.

representing 204 callers who had reimbursement, recertification, and EVS-notice problems. Defendants' argument that much, if not all, of this work was unrelated to the Settlement Order is incorrect. As Plaintiffs point out in their Reply, under paragraphs 61 and 62 of the Settlement Order they are not required to show that the underlying services for which individuals are not getting reimbursed are related to any other violations of the Settlement Order. Plaintiffs have adequately demonstrated that they are entitled to full payment of attorneys' fees for all the work they have performed representing individual claimants.

3.  Plaintiffs seek compensation for 15 hours of attorney time (3.7 of which were billed by the firm's most senior attorneys) for opposing the Defendants' Motion to Vacate the September 15, 2006 Order. What a foolish waste of time. It is true that the District -- as it has done on many occasions -- missed a deadline. It is also true that in order to "wake up" the attorneys in the Attorney General's Office, the Court granted the Plaintiffs' Motion for Attorneys' Fees to which no opposition had been filed. However, as experienced litigators, Plaintiffs had to know that it would have been totally unreasonable to deny the Defendants' Motion. Moreover, if Plaintiffs wanted to take a position for the record, they could have filed a one sentence opposition. To spend 15 hours on this effort exhibited very poor judgment. And, of course, the Defendants' Motion to Vacate was granted and the Opposition was rejected. Consequently, Plaintiffs' request for compensation for this task is reduced by 50 percent.

4.  Plaintiffs request $13,277.35 for the work performed to achieve settlement of their January-June 2006 fee petition. Plaintiffs billed 22 hours of attorney time and 24 hours of paralegal time to perform this task. While Defendants are not correct that Plaintiffs' supporting documentation on their fee petition is inadequate, the time spent preparing this petition is excessive.

The Court must again, as it did with Plaintiffs' claim for preparation of their fee petition submitted for the first half of 2005, reduce the request for settlement of their fee petition for the first half of 2006, by 20 percent.

5. Plaintiffs seek the total sum of $37,369.90 for opposing the Defendants' Motion to Vacate the Dental Order. In the Memorandum Opinion of May 29, 2008, at paragraph 2, the Court deferred ruling on the request for attorneys' fees for work performed on the Plaintiffs' Motion for Enforcement of the Dental Order and for the work performed on Plaintiffs' Opposition to Defendants' Motion to Vacate the Dental Order of October 18, 2004. The same course will be followed with respect to this Motion.

6. Plaintiffs seek payment of $32,632.05 for preparing for four regularly scheduled status conferences and attending three of them (the fourth was cancelled). The Court addressed this issue in its Memorandum Opinion, at paragraph 4, entered May 29, 2008, granting in part and denying in part Plaintiffs' Motion for an Award of Litigation Costs, Including Attorneys' Fees and Out-of-Pocket Expenses, for January-June 2006. While the number of hours spent preparing for and attending these status conferences covered in the present Motion are not nearly as high as those which were reduced so sharply in the earlier Motion, they are still significant. In the final analysis, Plaintiffs spent, on average, approximately $8,000 for preparing for each of the four status conferences and attending three of them. Again, that amount of time is excessive. Consequently, the amount sought for this task is reduced by 20 percent.

7. Defendants also request an across-the-board reduction in Plaintiffs' fee request for failure to exercise billing judgment, overstaffing, and inadequate records. Based upon consideration of the entire fee petition, which is the second highest ever submitted by Plaintiffs, and the frequent


expenditure of more time than is reasonable, the Court concludes that an across-the-board reduction of 10 percent is appropriate for those categories of work in the fee petition that have not been specifically addressed in this Opinion.

For all these reasons, the Court concludes that Plaintiffs' Motion is **granted in part and denied in part**.

June 4, 2008
/s/
Gladys Kessler
United States District Judge