## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OSCAR SALAZAR, *et al.*, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 93-452 (GK)<br>*In Forma Pauperis* |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR
AN ORDER REQUIRING DEFENDANTS TO IDENTIFY THE UNDISPUTED
ATTORNEYS' FEES AND EXPENSES IN THEIR OPPOSITION TO
PLAINTIFFS' MOTION FOR AN AWARD OF LITIGATION
COSTS, INCLUDING ATTORNEYS' FEES AND EXPENSES,
FOR 2012 (ECF NO. 1850) AND FOR PROMPT PAYMENT
OF THE UNDISPUTED AMOUNT**

Plaintiffs have moved this Court (ECF No. 1855) to issue an Order requiring defendants to identify the undisputed attorneys' fees and expenses in their opposition to Plaintiffs' Motion for an Award of Litigation Costs, Including Attorneys' Fees and Expenses, for 2012 and for Work in the District Court that Had Been Held in Abeyance Related to Defendants' Motion to Terminate the Consent Decree (ECF No. 1850)(hereafter "Motion for 2012 Fees") and for an Order that defendants pay the amount of attorneys' fees and expenses they do not dispute promptly after the amount is identified.  Defendants oppose plaintiffs' motion.  Defendants' Opposition to Plaintiffs' Motion for an Order Requiring Defendants to Identify Undisputed Attorneys' Fees and Expenses in Their Opposition to Plaintiffs' Motion for an Award of Litigation Costs, Including Attorneys' Fees and Expenses, for 2012 (ECF No. 1850) and for Prompt Payment of the Undisputed Amount, August 22, 2013 (ECF No. 1858)("Def. Opp.").   In their opposition, defendants make the same arguments that

they have made in the past, that payment of undisputed attorneysø fees is not permitted under the Settlement Order and is unsupported by case law.  These arguments were rejected by this Court in its Order of June 24, 2013 (ECF No. 1835).[1/]

Defendants make three new arguments: (1) that defendants and the Court will suffer a significant burden on their resources if plaintiffs are allowed to receive payment for uncontested attorneysø fees in each future application; (2) that plaintiffs do not urgently need payment of their 2012 fees; and (3) that interim payment of fees raises uncertainty concerning the finality of a judgment or order.  These arguments are without merit.

**ARGUMENT**

**I**

**PROMPT PAYMENT OF UNDISPUTED ATTORNEYS' FEES DOES
NOT IMPOSE A SIGNIFICANT BURDEN ON
DEFENDANTS OR THE COURT**

**A.    PAYMENT OF UNDISPUTED FEES WILL NOT IMPOSE A SIGNIFICANT
BURDEN ON DEFENDANTS**

Defendants first argue (Def. Opp. 3) that they will suffer prejudice from having to identify undisputed fees in their opposition to fee petitions because they have had to respond to plaintiffsø motions for defendants to identify undisputed fees in three contested fee petitions, each of which õhas

---

[1/]In its Order of June 24, 2013, ECF No. 1835, p.1, this Court concluded that it has õthe authority and discretion to award attorneysø fees once it is settled that the Plaintiff is in fact a prevailing party,ö that there is õno question that Plaintiffs are the prevailing party,ö and that õDefendants will suffer absolutely no prejudice from the granting of this motion.ö  This Court also emphatically rejected defendantsø argument that the identification of undisputed fees is precluded by the Settlement Order, stating *(id.,* p. 2): õThey [defendants] are simply not correct. While paragraph 67 addresses the procedures for recovering fees and costs, it focuses on how soon Plaintiffs may make a Motion to the Court if the parties cannot agree on the fees and costs. It is [sic] no way precludes Plaintiffs ó to their own disadvantage ó from taking longer than 30 days to submit their Motion.ö

2

required Defendants' resources to respond, and further has required the limited resources of this Court to consider and resolve." According to defendants, such "piecemeal handling of the payment of attorneys' fees * * * simply is wrong." *Ibid.*   However, it is defendants who have decided to expend their resources opposing plaintiffs' motions to identify undisputed fees and for prompt payment of the undisputed amount, in contradiction of case law in the Supreme Court, in the District of Columbia Circuit and, in this Court's Order of June 24, 2013 (ECF No. 1835), that supports interim attorneys' fees for prevailing parties.[2]   Therefore, defendants have chosen to burden themselves, as well as plaintiffs and the Court, by attempting to relitigate this issue.

Defendants next claim that payment of undisputed fees in future fee petitions will impose an unjustified burden on them. Def. Opp. 2-3. Specifically, defendants argue that adoption of a process requiring them to make prompt payment of undisputed attorneys' fees for each application will cause a significant burden because it could lead to defendants having to issue up to eight checks in one year (Def. Opp. 4) -- four more checks than they would have to issue under the terms of the recently revised paragraph 67 of the Settlement Order, which allows plaintiffs to make quarterly motions for attorneys' fees.  *See* Consent Order Modifying Paragraph 67 of the "Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997 (ECF No. 663)," ECF

_____

[2]/It is well established that interim attorneys' fees may be awarded prior to a final judgment once a plaintiff has become a prevailing party.  In *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 722-723 (1974), the Supreme Court held: "To delay a fee award until the entire litigation is concluded would work substantial hardship on plaintiffs and their counsel, despite the clear congressional intent to the contrary * * *.  A district court must have discretion to award fees and costs incident to the final disposition of interim matters." This Court has recently held that it has such authority and that "there is no question that Plaintiffs are the prevailing party in this case." Order, June 24, 2013, ECF No. 1835.  Plaintiffs have previously addressed defendants' argument concerning the propriety of interim attorneys' fees in their earlier briefing.  Plaintiffs incorporate by reference their briefs in ECF Nos. 1824 and 1830.

No. 1801. However, the parties agreed to modify paragraph 67 of the Settlement Order to provide for quarterly fee applications. In doing so, defendants obviously knew that quarterly fee applications would lead to an increased frequency in processing payments to plaintiffs, namely, up to four payments per year, or potentially more in the first years, when the 2011 and 2012 fees are also being adjudicated. *Ibid*. Defendants make no showing that the issuance of up to four additional checks a year for undisputed amounts would overwhelm the District's resources. Plaintiffs submit that this Court was correct when it concluded that "Defendants will suffer absolutely no prejudice * * * [because] [t]hey are merely being asked to identify those attorneys' fees and expenses which they do not dispute. That money will have to be paid sooner or later." Order of June 24, 2013, ECF No. 1835, p. 1.

Finally, defendants fear that the District of Columbia may have to identify and pay undisputed amounts in other similar fee-shifting cases, that these payments will increase exponentially, and consume the resources of their staff. Def. Opp. 4. First, in all cases, defendants should identify the fees that they do and do not dispute in their opposition. As Judge Tamm stated in his concurrence in *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1337-1338 (D.C. Cir. 1982):

> Just as the applicant cannot submit a conclusory application, an opposing party does not meet his burden merely by asserting broad challenges to the application. It is not enough for an opposing party simply to state, for example, that the hours claimed are excessive and the rates submitted too high.

As this Court noted (ECF No. 1835, p. 2), defendants have previously voluntarily identified the undisputed amount of prior fee applications in this case and in other similar litigation. Such identification assists the Court by focusing the issues which must decided.

4

Second, the circumstances governing the appropriateness of an award of interim fees are different in every case, such as the plaintiffs' prevailing party status and the frequency with which fee applications may be made to defendants under relevant consent decrees.  In each case, the district court has discretion whether or not to award interim fees based on the particular circumstances.

## B.   THE COURT WILL NOT EXPERIENCE A SIGNIFICANT BURDEN FROM GRANTING PLAINTIFFS' MOTION

Defendants argue (Def. Opp. 3) that identification and payment of uncontested attorneys' fees prior to a determination of the contested fees will place a significant burden on this Court, but fail to explain how the Court will be burdened.  Plaintiffs' motions for identification of undisputed fees and prompt payment do not require two separate determinations by the Court of the merits of plaintiffs' fee applications.  Rather, plaintiffs' motions request that the Court order defendants to identify the undisputed fees in their opposition brief and to pay the fees promptly thereafter.

Plaintiffs respectfully submit that it takes minimal time and effort for the Court to issue an order for defendants to identify undisputed fees and subsequently to issue an order for payment of the amount that defendants have identified in their opposition brief.  Rather than burden this Court, as defendants claim, defendants' identification of undisputed fees will help the Court by ensuring that the exact scope of the fees in dispute is known by the parties and the Court, so that the Court does not spend unnecessary time and resources resolving issues that are not in dispute.  In contrast, defendants' continued opposition to plaintiffs' motions for defendants to identify undisputed fees and for prompt payment of the undisputed amount, unnecessarily burdens the Court since the Court is called upon to review further briefing on issues which it has already determined.

C.      **THERE IS NO UNCERTAINTY CONCERNING DEFENDANTS' RIGHT TO APPEAL AN INTERIM AWARD OR THE FINAL AWARD OF ATTORNEYS' FEES**

Defendants argue (Def. Br. 4) that permitting interim payment of fees raises "uncertainty concerning the finality of any judgment or order giving rise to Defendants' right to appeal," but fail to explain how an award of interim fees raises any questions concerning their right to appeal such an award.  Plaintiffs can find no reason for defendants' uncertainty.

There is no question that, in this Circuit, an interim award of attorneys' fees is not immediately appealable.  *See, e.g., Trout v. Garrett*, 891 F.2d 332, 333 (D.C. Cir. 1989) (finding that an order awarding interim fees was not an immediately appealable interlocutory order by government defendant).  However, defendants are free to appeal a final judgment by this Court on the entire fee amount, including the portion awarded as uncontested fees.[3/]  *See National Ass'n of Concerned Veterans v. Secretary of Defense*, *supra,* 675 F.2d at 1337-1338 ("Under the final judgment rule of 28 U.S.C. § 1291, this court [of appeals] has jurisdiction only "of appeals from * * * final decisions of the district courts of the United States").  Indeed, defendants have filed such an appeal of an attorneys' fees award in this case, although they voluntarily dismissed the appeal without prosecuting it.  *See* Notice of Appeal, ECF No. 1523, November 24, 2009; Order Granting Appellants' Motion for Voluntary Dismissal, ECF No. 1554, February 2, 2010.  Therefore, the granting of plaintiffs' motion for an award of interim fees in the amount that defendants do not dispute does not raise any issues concerning defendants' right to appeal the award once a final judgment is entered.

---

[3]/Nonetheless, it is difficult to ascertain the case or controversy as to a decision by the Court to require the payment of undisputed fees.

II

**CONTRARY TO DEFENDANTS' CLAIMS, COUNSEL'S REPRESENTATION
OF ITS FINANCIAL CONDITION IN TWO CASES IN THIS COURT IS
ENTIRELY CONSISTENT AND, IN ANY EVENT, PLAINTIFFS'
MOTION SHOULD BE GRANTED AS A MATTER
OF FUNDAMENTAL FAIRNESS**

Defendants assert that the affidavits submitted by plaintiffs' counsel in this case (ECF Nos. 1811-1, 1855-1) and in *D.L. v. District of Columbia*, D.D.C., Civ. No. 05-1437 (RCL), ECF No. 379-1, make contradictory statements concerning counsel's financial condition and urge that the Court not accept "plaintiffs' contention that their counsel urgently require payment for 2012 fees * * * without further proof." Def. Opp. 4-7. Based on defendants' selective citations to these affidavits, defendants claim that plaintiffs are telling the Court "that the firm both is operational in the foreseeable future and that it is in jeopardy of failing." *Id*., p. 6. The language of the affidavits does not support defendants' argument.

The three affidavits provided by plaintiffs' counsel in this case and in *D.L. v. District of Columbia*, Civ. No. 05-1437 (RCL), concerning their financial condition over a five-month period, show that counsel's financial situation has partially improved, that recent payments made to counsel have alleviated – though not resolved – counsel's financial situation, and that, as a result, plaintiffs' counsel have sufficient resources to continue to represent the interests of class members in both cases for the foreseeable future. In the first affidavit, submitted on April 10, 2013, by plaintiffs' counsel in this case concerning their financial situation, Bruce J. Terris stated that (ECF No. 1811-1, para. 7):

> Unless we receive substantial compensation in the *Salazar* litigation in the next few months, our law firm will run out of operating funds in September 2013. While it is possible that our law firm might receive compensation in some other lawsuit so as to

extend the period during which the firm will be able to operate, as of the date of this affidavit, there is no definite known source of such potential income to the firm.

In a subsequent affidavit submitted in support of plaintiffs' current motion, dated August 5, 2013, Mr. Terris provided information concerning counsel's improved financial situation, stating that (ECF No. 1855-1, paras. 3, 4):

> This situation has now partially changed.  On August 2, 2013, my law firm received payment from defendants of the undisputed amount of $476,667.68 for 2011, as required by this Court's Order of July 8, 2013, ECF No. 1841.  In addition, on August 2, my law firm received a $339,958.47 payment for attorneys' fees in another case. * * * Although these sums of money will allow my law firm to continue its operations for approximately 3-4 more months, the lack of payment by defendants in the *Salazar* litigation of disputed fees in 2011 and fees in 2012 continue to place a severe financial burden on my law firm.

About a week later, on August 14, 2013,  plaintiffs' counsel provided an affidavit in *D.L. v. District of Columbia*, D.D.C., Civ. No. 05-1437 (RCL), ECF No. 379-1, in order to respond to defendants' challenge in that case to the adequacy of plaintiffs' law firm to represent class members in light of plaintiffs' representation of their financial situation in this case.[4/]  *See* Defendants' Opposition to Plaintiffs' Motion for Class Certification and Reinstatement of Findings and Liability and Order Granting Relief, *D.L. v. District of Columbia*, D.D.C., Civ. No. 05-1437 (RCL), July 15, 2013, ECF No. 370, pp. 2-3.   The information provided by counsel's affidavit in *D.L.* is entirely consistent with the information provided in counsel's second affidavit in this case (ECF No 379-1, paras. 2-5):

---

4/In their filing in *D.L. v. District of Columbia*, D.D.C., Civ. No. 05-1437, defendants cited Mr. Terris's first affidavit from April 2013 in this case (ECF No. 1811-1), despite the fact that Mr. Terris's second affidavit in this case (ECF No. 1855-1), stating that the financial situation of plaintiffs' law firm had improved, had been filed several days earlier in this case and was readily available to defendants.

In or around April 2013, the firm projected that, without receipt of attorneys' fees for which the firm sought payment in several ongoing matters, it would run out of operating funds in September 2013. * * * The projected shortfall had no impact on the firm's commitment of attorney time and resources to this case. * * * Subsequently, Terris, Pravlik & Millian received payments of substantial attorneys' fees in two other cases in which this firm represents the plaintiffs, including payment from the *District in Salazar v. District of Columbia*, D.D.C., Civil Action No. 93-452 (GK). * * * The receipt of these funds has alleviated the firm's shortage of operating funds for the next three to four months, and we expect to remain fully operational for the foreseeable future, with no impact on our ability to represent our clients or serve as class counsel in this case. The firm is also continuing to pursue payment of attorneys' fees from defendants, including from the District.

Thus, all of the affidavits provided by plaintiffs' counsel in this case and in *D.L. v. District of Columbia*, D.D.C., Civ. No. 05-1437 (RCL), concerning their law firm's financial situation, are entirely consistent. In the event that the Court requires further details concerning plaintiffs' financial situation, plaintiffs will be happy to provide them.

However, information concerning counsel's current financial situation should not be necessary, since defendants should identify undisputed fees in their opposition and pay them promptly as a matter of fundamental fairness, regardless of counsel's financial situation. Plaintiffs seek the identification of an undisputed amount by defendants because, under a fee-shifting statute, in the post-settlement phase where plaintiffs' entitlement to attorneys' fees is not in dispute, there is simply no legitimate reason for defendants not to identify and pay promptly the portion of the fees which they do not dispute.

Moreover, as noted in plaintiffs' opening brief (p. 3), in the absence of the relief sought in their motion, the delay before plaintiffs receive any compensation for their 2012 fees and expenses will be significant. Plaintiffs' counsel, who are a small public interest firm, are already receiving

9

below market rates, a fact which this Court recently emphasized in its Order of June 24, 2013, ECF

No. 1835, paras. 6, 7.

### III

### DEFENDANTS' REMAINING ARGUMENTS ARE WITHOUT MERIT

A.     **THE COURT MUST CAREFULLY EVALUATE A FEE PETITION REGARDLESS OF WHETHER THE DEFENDANT IS THE GOVERNMENT OR A PRIVATE PARTY**

Defendants once again argue (Def. Opp. 7) that this Court "has an obligation to exercise

"special caution" in evaluating fee petitions seeking government funds," citing, for the second time,

*Heller v. District of Columbia*, 832 F. Supp. 2d 32, 47-48 (D.D.C. 2011), and the decision on which

*Heller* relied, *Eureka Investment Corp., N.V. v. Chicago Title Ins. Co.*, 743 F.2d 932, 941-942 (D.C.

Cir. 1984).  As we noted in our reply brief to plaintiffs' opposition regarding a similar motion related

to 2011 fees,[5]/ defendants are mistaken in relying on this aspect of the *Heller* decision because it was

erroneously based on a decision that was reversed on this very point by the Court of Appeals for the

District of Columbia Circuit,[6]/ and does not represent the law in this Circuit.  The law in this Circuit

is that "fees should be calculated no differently when the government (rather than a private party) is

the losing defendant." *Copeland v. Marshall*, 641 F.2d 880, 894 (D.C. Cir. 1980)(en banc).  *See also*

---

[5]/*See* Plaintiffs' Reply Memorandum in Support of Their Renewed Motion for an Order Requiring Defendants to Identify Undisputed Attorneys' Fees and Expenses in Their Opposition to Plaintiffs Motion for an Award of Litigation Costs, Including Attorneys' Fees and Expenses, for 2011 (ECF No. 1803) and for Prompt Payment of the Undisputed Amount, ECF No. 1830, pp. 9-10.

[6]/The Court in *Heller* based its position that "special caution" must be applied in considering fee petitions where the government is the defendant on dicta from *Eureka Investment Corp., N.V.*, 742 F.2d at 941-942, which erroneously relied on the panel decision in *Copeland v. Marshall*, 594 F.2d 244, 255, n. 59 (D.C.Cir.1978), that had been reversed on this issue en banc, 641 F.2d at 894, 895-896.

*Blum v. Stenson*, 465 U.S. 886 (1984)(the Court described the standard for fee awards against government defendants, without even suggesting that properly calculated fees be reduced to protect government entities).[7]

**B.   THE COURT DOES NOT HAVE TO EXPRESSLY RESERVE A RIGHT TO MODIFY AN INTERIM AWARD OF FEES IN A FINAL JUDGMENT IN ORDER TO PRESERVE SUCH DISCRETION**

Defendants urge (Def. Opp. 7) the Court to enter an order "in the event it ultimately determines, after full consideration of the merits of Plaintiffs' 2012 Fee Petition, that Plaintiffs are entitled to less than the amount identified as ─undisputed,'should the Court be inclined to Order such relief," as it once did in 2010.  In its December 21, 2010 Order, the Court stated that (ECF No. 1672, p. 2), "[w]hen ruling upon the merits, it may turn out that Plaintiffs are entitled to more ─ or less─ than the $613,762,44 being awarded as an interim fee."  While plaintiffs agree with the legal principle stated by the Court in its December 2010 opinion, the inclusion or omission of such a statement in an interim Order has no effect on the Court's discretion to reduce the amount paid to plaintiffs as undisputed fees in a final judgment.  Therefore, plaintiffs submit that such a reservation of the prerogatives of the district court is unnecessary.

**CONCLUSION**

For the reasons stated above, and in plaintiffs' opening brief, and based on this Court's decision of June 24, 2013, ECF No. 1835, plaintiffs request that the Court issue an order requiring defendants to identify in their opposition brief to Plaintiffs' Motion for 2012 Fees, to be filed on

---

[7]/Defendants made this same erroneous argument in opposition to plaintiffs' 2011 fees motion.  ECF No. 1840, July 3, 2013, p. 7.  Plaintiffs responded fully in their reply brief, calling to defendants' attention that defendants were citing the panel opinion in *Copeland v. Marshall* that had been reversed *en banc* on this very proposition.  ECF No. 1859, August 26, 2013, pp. 10-11.

October 11, 2013, the undisputed amount of attorneysø fees and expenses.  As set forth in plaintiffsø

proposed order (ECF No. 1855-2), if plaintiffsø motion is granted, after defendants identify the

undisputed amount, plaintiffs will present an order to the Court setting forth the undisputed amount

to be paid within 30 days thereafter.


                                        Respectfully submitted,

                                        /s/Zenia Sanchez Fuentes

                                        BRUCE J. TERRIS, Bar #47126
                                        KATHLEEN L. MILLIAN, Bar #412350
                                        LYNN E. CUNNINGHAM, Bar #221598
                                        ZENIA SANCHEZ FUENTES, Bar #500036
                                        Terris, Pravlik & Millian, LLP
                                        1121 12th Street, N.W.
                                        Washington, DC  20005-4632
                                        (202) 682-2100, ext. 8484

                                        JANE PERKINS
                                        NATIONAL HEALTH LAW PROGRAM
                                        101 East Weaver Street, Suite G-7
                                        Carrboro, NC  27510
                                        (919) 968-6308

September 10, 2013                      *Counsel for Plaintiffs*