UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR SALAZAR, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> DISTRICT OF COLUMBIA, et al., : <br> : <br> Defendants. : <br> : | Civil Action No. 93-452 (GK) |

## MEMORANDUM OPINION AND ORDER

On Sept. 20, 2013, Defendants filed a Motion to Modify the January 25, 1999 Consent Order and Related Order of August 8, 2000 [Dkt. No. 1870]. Upon consideration of the Motion, the Opposition [Dkt. No. 1876], the Reply [Dkt. No. 1879], the oral argument held October 15, 2013, and the entire record herein, and for the following reasons, the Court **grants** Defendants' Motion.

### I. BACKGROUND

This class action lawsuit filed in 1993 alleged that Defendants, among other claims, denied Medicaid beneficiaries due process of law in the recertification of their Medicaid eligibility. On October 16, 1996, the Court issued an Amended Findings of Fact and Conclusions of Law granting some claims and denying others [Dkt. No. 402]. In 1997, the Court entered a comprehensive remedial order [Dkt. Nos. 444, 493]. The parties

On Sept. 20, 2013, Defendants filed their Motion to Modify the January 25, 1999 Consent Order and Related Order of August 8, 2000 [Dkt. No. 1870]. They seek to modify the Consent Order so as to no longer be bound by Section III, arguing that they cannot simultaneously comply with both Section III and the ACA.

Plaintiffs have also filed two related motions. On September 30, 2013, Plaintiffs filed a Motion to Partially Stay the Recertification Provisions in the Settlement Order [Dkt. No. 1875]. On October 1, 2013, Plaintiffs filed a Motion for Limited Discovery Related to Medicaid Renewal and Redetermination Under the Affordable Care Act [Dkt. No. 1877]. Defendants included their Opposition to those two Motions in their Reply of October 7, 2013 [Dkt. No. 1879]. Plaintiffs' Replies in support of both motions are due October 17, 2013.

## II. STANDARD OF REVIEW

Defendants move to modify Section III under Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6). Rule 60(b)(5) provides that a court may vacate an order if "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). As to consent decrees, the moving party bears the burden of proving its need for modification by establishing that "'a significant change either in factual conditions or in law' renders continued enforcement of the judgment 'detrimental to the public

-3-

On Sept. 20, 2013, Defendants filed their Motion to Modify the January 25, 1999 Consent Order and Related Order of August 8, 2000 [Dkt. No. 1870]. They seek to modify the Consent Order so as to no longer be bound by Section III, arguing that they cannot simultaneously comply with both Section III and the ACA.

Plaintiffs have also filed two related motions. On September 30, 2013, Plaintiffs filed a Motion to Partially Stay the Recertification Provisions in the Settlement Order [Dkt. No. 1875]. On October 1, 2013, Plaintiffs filed a Motion for Limited Discovery Related to Medicaid Renewal and Redetermination Under the Affordable Care Act [Dkt. No. 1877]. Defendants included their Opposition to those two Motions in their Reply of October 7, 2013 [Dkt. No. 1879]. Plaintiffs Replies are due in support of both motions on October 17, 2013.

## II. STANDARD OF REVIEW

Defendants move to modify Section III under Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6). Rule 60(b)(5) provides that a court may vacate an order if "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). As to consent decrees, the moving party bears the burden of proving its need for modification by establishing that "'a significant change either in factual conditions or in law' renders continued enforcement of the judgment 'detrimental to the public

-3-

interest.'" Horne v. Flores, 557 U.S. 433, 453 (2009) ("Flores") (quoting Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 384 (1992)).

The Supreme Court has made it clear that courts should use a "flexible approach" when ruling on Rule 60(b)(5) motions which address institutional reform decrees, such as this one, to ensure that "'responsibility for discharging the State's obligations is returned promptly to the State and its officials' when the circumstances warrant." Flores, 502 U.S. at 450 (quoting Frew v. Hawkins, 540 U.S. 431, 442 (2004)); see also Petties ex rel. Martin v. Dist. of Columbia, 662 F.3d 564, 568-69 (D.C. Cir. 2011) (quoting Rufo, 502 U.S. at 380-81) ("district courts must employ 'a flexible modification standard' because such decrees 'often remain in place for extended periods of time' such that 'the likelihood of significant changes occurring during the life of the decree is increased.'").

Rule 60(b)(6) provides that a court may vacate an order for "any other reason that justifies relief" provided the movant demonstrates "extraordinary circumstances." Fed. R. Civ. P. 60(b)(6); see also Salazar ex rel. Salazar v. Dist. of Columbia, 633 F.3d 1110, 1119 (D.C. Cir. 2011). Our Court of Appeals has noted that even though "[t]he phrase 'extraordinary

circumstances' does not appear in the text of Rule 60(b)(6), . . . the Supreme Court has added this gloss to the rule." Id.

### III. **ANALYSIS**

Upon consideration of the submissions of counsel, the extremely long record in this case that was filed in 1993, and the applicable case law, the Court concludes that Defendants' Motion shall be **granted** for the following reasons.

The ACA, effective March 23, 2010, and its related Medicaid regulations have created a vast new statutory framework for ensuring health care insurance for virtually every person in the United States. It is an extraordinarily complex law and one which presents many technological and logistical challenges. It will, if successful, bring enormous benefits to Americans of all income levels. To implement this statute in the District of Columbia will be a massive undertaking requiring the resources, creativity, and attention to detail of many people within the District of Columbia Government.

The Court concludes, pursuant to Fed. R. Civ. P. 60(b)(5), that passage of the ACA has created a "significant change in circumstances" that justifies termination of the provisions of Section III of the Consent Order. Indeed, there has been almost a seismic change in the areas of health insurance, healthcare, procedures for verifying Medicaid eligibility, and financing of

Medicaid. As Defendants point out in their papers, passage of the ACA has introduced enormous systemic and legal changes in our healthcare system. There is simply no comparison between the statutory framework that existed at the time this Court made its factual findings in 1996 and what implementation of the ACA envisions -- even though that implementation will undoubtedly be both rocky and fairly long in coming. As Defendants argued at oral argument, in comparing the two systems we are talking about "apples and oranges."

Defendants also argue that Section III directly conflicts with provisions of the ACA, and therefore its continued enforcement would be "detrimental to the public interest." Rufo, 502 U.S. at 384. The Court agrees.

For example, the ACA regulations implementing a brand new recertification procedure are in direct conflict with the renewal process set forth in Section III. Defendants are correct and Plaintiffs do not disagree. The regulations establish that "an agency must make a redetermination of eligibility without requiring information from the individual if able to do so[.]" 42 C.F.R. § 435.916(a)(2). Thus, the various notices that Defendants must send, pursuant to Section III, warning a Medicaid beneficiary about their failure to submit recertification forms and information or lose their benefits

will now be inaccurate, confusing, and unnecessary. Were Defendants to try to comply with both Section III and the ACA, there would be massive confusion, as well as additional expense and use of resources at a time when Defendants are pouring money and staff time into their efforts to comply with the new statute.

Plaintiffs concede that the provisions of Section III are either in conflict with the ACA or are outdated and are no longer relevant. See Opp'n at 7-10 (noting that paragraphs 17, 19-21, 21A, 25, 25A, and 26-27 must be deleted or modified; and that paragraphs 22-24 and 28 are no longer operative and must also be deleted). In sum, Plaintiffs acknowledge that there is a conflict between Section III and the ACA, and therefore the District government can not continue to comply with Section III in light of the statutory language of the ACA and its implementing regulations.

Plaintiffs' primary argument is not that Section III should remain in effect, but that they should be provided with additional "discovery" so that they can suggest appropriate modifications to Section III in order to fully protect the due process rights of the plaintiff class they represent during this time of transition. While their concern over the continued protection of the due process rights of their clients, members

-7-

of the plaintiff class, is commendable, Plaintiffs' counsel has failed to identify any tangible fact or law that suggests those rights will not be adequately protected in this transitional year.

Plaintiffs' fear is that the statutory and regulatory "safe harbor" that protects individuals who must be recertified between January and March of 2014 from losing their Medicaid eligibility before the end of March will not be applied to individuals evaluated between October 2013 and December 2013. Opp'n at 15-16 (citing 42 U.S.C. § 1396a(e)(14)(D)(v) and 42 C.F.R. § 435.603). Defendants' counsel represented at oral argument that the "safe harbor" provisions apply to all those who will be evaluated between October 2013 and December 2013, thus providing Plaintiffs with the "binding representation" they sought in their Opposition that the regulations would be interpreted and applied in that fashion by the District of Columbia government.

Moreover, the regulations specifically require agencies to provide due process rights to those whose eligibility may be reevaluated before the end of this year: 42 C.F.R. § 435.1205(b)(4)(i)(c) (requiring state agencies to "furnish Medicaid to individuals determined eligible under this clause or provide notice and fair hearing rights . . . if eligibility

-8-

effective in 2013 is denied"). Thus, the ACA regulations provide multiple safeguards to ensure that no members of the plaintiff class whose eligibility must be renewed in 2013 will be denied due process.[1]

As to the due process rights of the class members between March 2014 and October 2014, Plaintiffs acknowledge that the ACA "continues and reinforces . . . due process protections." Opp'n at 4 (citing regulations setting forth procedural protections). The regulations require an agency to provide any individual with "notice of the agency's decision concerning renewal of eligibility," 42 C.F.R. § 435.916(a)(3)(i)(C), and to "provide notice and fair hearing rights . . . for those determined ineligible for Medicaid," id. § 435.1205(b)(2)(iii).

Plaintiffs identify no difference between the due process rights guaranteed by the ACA and its implementing regulations and those contained in Section III. In fact, the ACA regulations are *more* protective of due process rights than the current Consent Order. *Compare* Consent Order Section III, ¶ 17 (permitting Defendants to terminate benefits after giving beneficiaries ten days to provide requested information,

---

[1] Defendants note that the District of Columbia has created a list of trained and federally-approved attorneys and advocacy organizations who are available to provide free legal assistance to individuals with "Medicaid Applications, Renewals, Questions, and Legal Assistance Regarding the Affordable Care Act Effective October 1, 2013." Reply, Ex. 1. Moreover, members of the plaintiff class can also contact Plaintiffs' counsel, as they have been doing over the years, to obtain legal assistance. Consent Order ¶ 64.

provided the beneficiary receives a notice fifteen days prior to the actual termination of benefits) with 42 C.F.R. § 435.916(a)(3)(i)(B) (requiring that the beneficiary be given "[a]t least 30 days from the date of the renewal form to respond and provide any necessary information").

Rule 60(b)(5) provides that a court may vacate an order if "applying it is no longer equitable." The District of Columbia has clearly pointed out why applying Section III would not only be inequitable, but would cause great confusion, additional cost, and place even greater burdens on what is already a limited staff at the Department of Human Services and the Department of Health Care Finance. Obviously, it is in the public interest to avoid violating federal law (the new provisions of the ACA), cause confusion, and waste the limited and precious resources of the District of Columbia Government. Requiring the District of Columbia to attempt to comply with two contradictory procedural regimes is clearly "detrimental to the public interest." The District of Columbia Government is burdened with orchestrating a comprehensive overhaul of its Medicaid program. For all the reasons just stated, the public interest will be served if that massive overhaul proceeds as smoothly as humanly possible.

For all these reasons, it is this 17th day of October, 2013, hereby

**ORDERED**, that the Motion is **granted**; and it is further

**ORDERED**, that Defendants are relieved from complying with Section III of the January 25, 1999 Consent Order, as amended by Paragraphs 21A, 25A, 25B, and 27 of the Court's Order of August 8, 2000; and it is hereby

**ORDERED**, that Plaintiffs' Motion for a Partial Stay of the Recertification Provisions in the Settlement Order of January 25, 1999 and the Order of August 8, 2000 [Dkt. No. 1875] is **denied as moot**; and it is hereby

**ORDERED**, that Plaintiffs' Motion for Limited Discovery Related to Medicaid Renewal and Redetermination Under the Affordable Care Act [Dkt. No. 1877] is **denied as moot**.[2]

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies to**: attorneys on record via ECF

---

[2] The Plaintiffs' request to take discovery lacks merit. The discovery they have requested relates to implementation of the ACA and its regulations; Defendants are correct that Plaintiffs' discovery is quite broad (they seek "statements under oath" and correspondence between the District of Columbia and the United States Department of Health and Human Services). Plaintiffs are simply not entitled to this information.

-11-