UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSCAR SALAZAR, *et al.*,          :
                                  :
        Plaintiffs,           :
                                  :
v.                                :        Civil Action No. 93-452 (GK)
                                  :
DISTRICT OF COLUMBIA, *et al.*,   :
                                  :
        Defendants.           :

### MEMORANDUM OPINION

On August 13, 2014, Plaintiffs filed a Motion to Reverse the Ruling in the Fair Hearing of Class Member Frick Concerning the Scope of the Reimbursement Procedures Order [Dkt. No. 2005]; the District of Columbia filed its Opposition on September 23, 2014 [Dkt. No. 2011]; and Plaintiffs filed their Reply on October 15, 2014 [Dkt. No. 2018]. Plaintiffs seek the reversal of a decision, by Administrative Law Judge Claudia Barber, of the District of Columbia Office of Administrative Hearings ("OAH"), denying Mr. Frick's claims "with prejudice." Pls.' Ex. A. at 4-5.

### I.    FACTUAL BACKGROUND

Plaintiffs filed this Motion on behalf of Howard Frick seeking an Order from this Court overturning a legal determination by OAH. Mr. Frick is a homeless man with no fixed address, and is enrolled in the Medicaid program. He explained in his sworn statement that as of "the time that this reimbursement claim is being submitted on my behalf, I am staying with family members in Overland Park, Kansas." Pls.' Ex. B at 43.

Mr. Frick's claim includes three bills for medical services that were provided as out-of-state emergency services: JMH Emergency Physicians ($34.62), Jefferson Memorial Hospital ($260.32), and Independent Fire Company ($77.01). The total bill for these services amounted to $371.95. All

parties agree that the three outstanding bills are covered by District of Columbia Medicaid and that District of Columbia Medicaid is responsible for paying for Mr. Frick's emergency services.

On August 19, 2013, Mr. Frick applied to the Department of Health Claim Finance ("DHCF") for payment of those three claims. The applicable Reimbursement Procedures Order of September 15, 1997 [Dkt No. 550], which sets forth the required reimbursement procedures for Medicaid recipients, provides that, unless the Recipient Claims Research Team ("RCRT") of the DHCF issues a decision on a reimbursement claim within 90 days, the claim will be treated as valid and "will be paid within 15 days after the end of the 90-day period."

The Government claims that DHCF, on November 13, 2013, issued a timely decision letter denying Mr. Frick's claims. However, that letter was not received by Plaintiffs' counsel until November 26, 2013 via electronic mail. That letter informed Mr. Frick that DHCF had advised the three providers, in a separate letter, that he was not responsible for paying them, that they should not initiate collection actions against him, that they should enroll in the District of Columbia Medicaid Program in order to obtain reimbursement for the services provided to Mr. Frick or, in the alternative, if they did not wish to enroll in the Medicaid Program, to forego reimbursement in light of Mr. Frick's status as a Medicaid beneficiary with limited income.

On February 12, 2014, Mr. Frick then requested a Medicaid Fair Hearing to challenge the denial of his claims. His counsel argued that since DHCF had not issued a timely decision within 90 days as required by the Reimbursement Procedures Order, he was entitled to have his claims treated as valid. OAH dismissed Mr. Frick's claim, with prejudice, on the grounds that the Salazar [Reimbursement Procedures] Order does not apply" to outstanding expenses and DHCF is therefore not required to approve Medicaid reimbursement claims filed by Medicaid beneficiaries for

-2-

outstanding benefits." Pls.' Ex. A at 4-5. Thereafter, Mr. Frick filed the present Motion appealing that decision.

In another sworn statement, Mr. Frick said that because he was homeless, and because he suffered from numerous health conditions, he "did not have a permanent address to give to hospitals and other medical service providers where bills should have been sent" or a "safe and secure location to keep important papers about [his] medical services." Pls.' Ex. L., ¶ 2.

Despite the assurances in DHCF's letter of November 5, 2013, Mr. Frick has been billed for two of the three out-of-state emergency services he received that remain in issue (Claim 9.6-City of Fairfax, Virginia, current balance as of 5-2-2014 as $180.66; and Claim 9.9-Fairfax Radiology Center for $26.41). Mr. Frick also has been informed by the Medicaid Program that he may be billed for the remaining balance on the third claim in issue after Medicaid makes its payment.

Mr. Frick never paid any money out of his pocket for any of the three emergency medical services. Nor did the providers of those services seek reimbursement directly from DHCF through its Medicaid Management Information Services ("MMIS") System, which they would have been entitled to do if they were enrolled in the District of Columbia Medicaid Plan as approved providers. Pls.' Ex. L, ¶ n.

## II. MR. FRICK LACKS STANDING

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.' As we have explained, '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" Clapper v. Amnesty Intern. USA, 133 S. Ct. 1138, 1146 (2013) (quoting Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 334 (2006)). The Clapper Court went on

to state that "[o]ne element of the case-or-controversy requirement is that plaintiffs 'must establish that they have standing to sue.'" Id. (quoting Raines v. Bryd, 521 U.S. 811, 818 (1997)).

To establish Article III standing, as is well established, know, an injury must be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action, and redressable by a favorable ruling." Monsanto Co. v. Geertson Seed Farms, 130 S. Ct. 2743, 2752 (2010).

Defendants argue that Mr. Frick has not established that any injury of his is "actual or imminent" or that a favorable ruling would be "redressable."

Given the rather opaque arguments of Plaintiffs, the Court concludes, for the following reasons, that Mr. Frick failed to carry his burden to establish that what he seeks will redress his injury.

First, there is no dispute that Mr. Frick has been paid for any and all out-of-pocket expenses he incurred. Second, it is also undisputed that Mr. Frick has no liability whatsoever regarding any and all expenses charged by the providers of emergency services which are still outstanding. Third, it is also undisputed that Medicaid has the legal obligation to pay those outstanding expenses. Mr. Frick has also made it clear that he does not seek "an order directing the District of Columbia to make payments to non-District of Columbia Medicaid providers." Pls.' Reply at 23. Fourth, Plaintiff does not seek an Order that the District pay Mr. Frick and allow him to pay his providers directly. Pls.' Reply at 23.

Rather, he asks this Court to reverse the decision of OAH "insofar as it ruled that the Reimbursement Procedures Order issued by this Court . . . does not apply to Medicaid beneficiaries who are being billed or collected against with respect to outstanding bills for Medicaid expenses that


should have been covered by the District of Columbia Medicaid Program." Pls.' Proposed Order [Dkt. No. 2005-9].

Despite the Order he seeks, he also explains that "[i]f the legal ruling of the Administrative Court is reversed and this case is remanded to the DHCF, Plaintiffs will request the assistance of staff at the DHCF to negotiate with the providers to obtain either their enrollment in District of Columbia Medicaid or a written statement that the bills have been written off and Mr. Frick has a '0' balance." Pls.' Reply at 22.

Thus, Mr. Frick concedes that even if "the legal ruling of the Administrative Court is reversed and this case is remanded to the DHCF, plaintiffs will request the assistance of staff at the DHCF to negotiate with the providers to obtain either their enrollment in D.C. Medicaid and payment, or a written statement that the bills have been written off and Mr. Frick has a zero balance." Pls.' Reply at 22.

These two different requests for relief are inconsistent with each other. Mr. Frick never indicates how the remand Order he seeks would facilitate his "request" for staff assistance from DHCF to convince the providers to enroll in Medicaid or provide a written statement that Mr. Frick has a zero balance. The providers cannot be forced to enroll in the District of Columbia Medicaid system. They can make the choice not to do so, and therefore fail to obtain the amounts that are still outstanding. In this case, the providers have chosen (for whatever reason) to not enter the Medicaid system and have already written off several of Mr. Frick's unpaid bills.[1]

---

[1] Plaintiffs also states that "[w]ith a reversal of the ruling of the Administrative Court, Mr. Frick may use the procedures of the Reimbursement Procedures Order, as he and numerous others have done for 17 years, to seek relief from the DC Medicaid agency for unpaid bills that should be paid by DC Medicaid." Pls.' Reply at 18. Missing from Mr. Frick's explanation is any indication (continued...)

Finally, Mr. Frick makes it clear that he is not seeking "an order directing the District of Columbia to make payments to non-District of Columbia Medicaid providers." Pls.' Reply at 23. The reason he is not seeking such an order is that the District of Columbia can only make payments to providers who are enrolled in the Medicaid Program and cannot force any provider to enroll in that system.[2]

In <u>Florida Audubon Soc. v. Bentsen</u>, 94 F.3d 658, 663-64 (D.C. Cir. 1996), our Court of Appeals ruled that "[r]edressability examines whether the relief sought, assuming the court chooses to grant it, will likely alleviate the particularized injury alleged by the Plaintiff." In this case, remand to OAH will not provide the relief being sought by Mr. Frick. He fails to indicate how the remand order that he seeks from this Court would facilitate his "request" for "assistance" from DHCF. Nothing in the OAH ruling would prohibit Mr. Frick from seeking DHCF's assistance in the future. Nor would anything in that ruling prohibit DHCF from giving it.

Whether or not OAH made a correct legal ruling, both parties agree that Mr. Frick's service providers should either register with the District of Columbia Medicaid Program and get paid or write off any outstanding charges. An Order from this Court will not redress Mr. Frick's injury -- only action on the part of his service providers will do so. Yet, "redressability cannot depend upon the actions or discretion of a non-party not before the Court." <u>Urban Health Care Coalition v.</u>

---

[1](...continued)
of how these "procedures" will redress his harm. Mr. Frick does not claim that a favorable ruling from this Court will lead to the reimbursement of his medical-care providers or reduce the possibility that the providers may initiate collection efforts against him.

[2] The District of Columbia points out that the reason that federal law requires providers to enroll in the Medicaid system if they wish to be paid is because the Medicaid system has a comprehensive procedure for ensuring that the bills presented are legitimate and not fraudulent. Defs.' Opp. at 21.

Sebelius, 853 F. Supp. 2d 101, 107 (D.D.C. 2012) (citing Univ. Med. Ctr. of So. Nevada v. Shalala, 173 F.3d 438, 442 (D.C. Cir. 1999).[3]

For all these reasons, the Court concludes that Mr. Frick lacks standing to pursue his present action before this Court.

Dated:                                /s/ Gladys Kessler
                                          Gladys Kessler
                                          United States District Judge

**Copies via ECF to all counsel of record**

---

[3] Because Mr. Frick has failed to demonstrate that the relief he requests would redress his alleged injury, the Court need not consider whether his alleged injury in fact is sufficiently concrete, particularized, and actual or imminent.