UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSCAR SALAZAR, et al.,

    Plaintiffs,

v.                                 Civil Action No. 93-452 (GK)

DISTRICT OF COLUMBIA, et al.,

    Defendants.

## MEMORANDUM OPINION

On July 12, 2016, this Court issued an Order [Dkt. No. 2150] granting in part and denying in part Plaintiff's Motion to Modify the Stay Entered on May 17, 2016 [Dkt. No. 2137]. In that Order, the Court indicated that it would provide its reasons for its decision within several weeks.

The reasons upon which the Court based its decision are:

1) Initially, in Plaintiffs' Motion for Modification of the Settlement Order [Dkt. No. 2093-5], which the Court ultimately granted in part in its April 4, 2016 Order [Dkt. No. 2109], the Plaintiffs requested that Defendants provide monthly reporting regarding their compliance with the terms of the Court's April 4, 2016 Order. As the Parties know, the Court deemed this request unnecessarily burdensome. April 4, 2016 Order at 57 n. 17.

In Plaintiff's latest Motion to Modify the Stay Entered on May 17, 2016 ("Pls.' Mot. To Modify the Stay") [Dkt. No. 2137],

the Plaintiffs not only request the same monthly reporting that the Court had already denied, but in addition, now request even broader and more detailed monthly reporting. See Text of Proposed Order Accompanying Pls.' Mot. To Modify the Stay ¶1 (requesting that Defendants "report to the Court . . . regarding their performance in the prior calendar month: (a) in processing non-disability Medicaid applications (whether submitted in paper format, by telephone, or electronically) within 45 days of the date of application; (b) in processing Medicaid renewals and recertifications (whether submitted in paper format, by telephone, or electronically) prior to the beneficiary's termination date; (c) in processing Medicaid renewals and recertifications (whether submitted in paper format, by telephone, or electronically) prior to the end of the 90-day grace period following the beneficiary's termination date;" as well as several other subject matter areas.)

Given the fact that the Court denied the initial request because it was overly burdensome, the Court is clearly not about to grant a request that would be even more burdensome.

2) Again, as the Parties know, on April 4, 2016, the Court granted a certain amount of relief to Medicaid applicants and beneficiaries as requested by Plaintiffs. April 4, 2016 Order. Thereafter, the Court stayed that Order in its May 17, 2016 Order

and Memorandum Opinion [Dkt. Nos. 2134, 2135], accepting Defendants' claims that they would suffer "irreparable harm" if all the relief went into effect.

In response to the pending Motion, Defendants argued that there was no need for the relief Plaintiffs were seeking because the District was already providing Medicaid to any applicant or beneficiary who met the statutory and regulatory requirements. Defendants' Opposition to Plaintiffs' Motion to Modify the Stay Entered on May 17, 2016 at 6 [Dkt. No. 2145]. In their Reply to the pending Motion ("Pls.' Reply") [Dkt. No. 2147], Plaintiffs have presented numerous examples, some of which were most distressing, to directly counter statements made by the Government. See Pls.' Reply at 5-10.

The examples that Plaintiffs have submitted demonstrate that there are cases in which Defendants, for whatever reason, are not responding quickly and providing coverage in response to inquiries about delayed processing of applications. Consequently, the Court has granted Plaintiffs' request to modify the May 17, 2014 Stay to provide limited relief to those Medicaid applicants and beneficiaries who identify themselves to the Medicaid agency, pending a final ruling by the Court of Appeals on Defendants' Appeal of the Court's April 4, 2016 Order.

3) Finally, the Government has failed to make any showing that granting this specific provision requested by Plaintiffs would cause the Government irreparable harm and/or excessive costs. While there may be some additional work entailed in granting Plaintiffs' request, the Court has no reason to conclude that there would be any substantial interruption in Defendants' ability to proceed with the complex work it is doing to ensure that the requirements of the Affordable Care Act are satisfied.

July 19, 2016

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF