# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR SALAZAR, *et al.*, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>THE DISTRICT OF COLUMBIA, *et al.*, )<br><br>Defendants. ) | Civil Action No. 93-452 (TSC)<br>*In Forma Pauperis* |

## PLAINTIFFS' UNOPPOSED MOTION FOR AN AWARD OF LITIGATION COSTS, INCLUDING ATTORNEYS' FEES AND EXPENSES, FOR THE FOURTH QUARTER OF 2022

Pursuant to the terms of the January 25, 1999 Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997 (ECF No. 663) ("Settlement Order"), 42 U.S.C. § 1988, and the Order of July 19, 2004 (ECF No. 1029) ("July 19, 2004, Order"), Plaintiffs move this Court for an award of attorneys' fees and expenses for their work representing the plaintiff class in this matter for the fourth quarter of 2022.

Prior to filing this attorneys' fees request, Plaintiffs followed the procedures in paragraph 67 of the Settlement Order, as amended by the Court's Order of March 19, 2013 (ECF No. 1801), which provides that Plaintiffs make their fees request first to Defendants and allow the parties a 45-day period to attempt to settle the attorneys' fees or make a motion to the Court if no agreement is reached within 55 days after submission of the fees request to defendants. *See* Pl. Ex. 1. The parties reached an agreement to settle Plaintiffs' request for fees and expenses for $76,666.18 for the fourth quarter of 2022. Therefore, this motion requests an award of $76,666.18 from the Court.

The July 19, 2004, Order sets forth procedures to comply with Rule 23(h)(1) of the Federal Rules of Civil Procedure, which provides that attorneys' fees awards in a class action must be made on motion and that notice must be given to class members. The July 19, 2004, Order

provides that, if the parties reach agreement on the amount of attorneys' fees, Plaintiffs must file an unopposed motion for an award of the agreed amount with documentation of their fees and expenses and allow at least 30 days for notice to the class.  Since the parties have reached an agreement to settle Plaintiffs' request for attorneys' fees and expenses by payment of $76,666.18, Plaintiffs file the instant motion.

Pursuant to the July 19, 2004, Order, Plaintiffs have filed a separate motion requesting that the Court order the Clerk of the Court to provide notice of this motion to the plaintiff class by placing a Notice to the Plaintiff Class on the website of the District Court for the District of Columbia.  The July 19, 2004, Order provides that the Court may not rule on this motion until the Notice has been on the Court's website for 30 days.  At the conclusion of the 30-day notice period, Plaintiffs will file a motion requesting that the Court enter an order for payment of fees and expenses.

### STATEMENT PURSUANT TO LOCAL RULE 7(m)

Defendants do not oppose the award of attorneys' fees and expenses set forth in this motion.

Respectfully submitted,

  /s/ Zenia Sanchez Fuentes

KATHLEEN L. MILLIAN, Bar #412350
ZENIA SANCHEZ FUENTES, Bar #500036
Terris, Pravlik & Millian, LLP
1816 12th Street, NW, Suite 303
Washington, DC  20009-4422
(202) 682-2100, ext. 8484

JANE PERKINS
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
 (919) 968-6308

September 7, 2023                    *Counsel for Plaintiffs*

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OSCAR SALAZAR, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 93-452 (TSC)
*In Forma Pauperis*

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED**
**MOTION FOR AN AWARD OF LITIGATION COSTS, INCLUDING**
**ATTORNEYS' FEES AND EXPENSES, FOR THE**
**FOURTH QUARTER OF 2022**

This class action involves the District of Columbia's compliance with federal law in the provision of Medicaid to its citizens. On January 25, 1999, the Court entered an Order based on a settlement between the parties. Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997 (ECF No. 663) ("Settlement Order"). The Settlement Order (paras. 64-67) includes provisions concerning rates and procedures for the compensation of Plaintiffs' counsel for work done to monitor Defendants' compliance with the Settlement Order. An excerpt of the Settlement Order setting forth the attorneys' fees provisions is attached as Plaintiffs' Exhibit 1. The procedures in those paragraphs have been amended to require quarterly fee petitions by the 2013 "Consent Order Modifying Paragraph 67 of the 'Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997' (ECF No. 663)" (ECF No. 1801), which is also attached. *See* Pl. Ex. 1, pp. 4-5.

For the three-month period from October 1, 2022, through December 31, 2022, Plaintiffs incurred $90,195.51 in attorneys' fees and expenses. Pursuant to the Order of July 19, 2004 (ECF No. 1029), Plaintiffs submit the instant motion for their fees and expenses and attach

documentation substantiating the request.  Because the parties were able to settle this fees request, Plaintiffs now seek only the amount agreed upon in settlement, *i.e.*, $76,666.18.  Defendants do not oppose this request.

**ARGUMENT**

**I**

**PLAINTIFFS ARE ENTITLED TO AN AWARD OF LITIGATION COSTS, INCLUDING ATTORNEYS' FEES AND EXPENSES**

The Supreme Court has held that "post-judgment monitoring of a consent decree is a compensable activity for which counsel is entitled to a reasonable fee." *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 559 (1986).  All of the work for which Plaintiffs seek payment in this application involves the monitoring of the Settlement Order or work which resulted directly from the monitoring of the Settlement Order, resolution of individual class members' issues, settlement discussions, and attorneys' fees applications.  *See* Affidavit of Kathleen L. Millian ("Millian Aff."), Pl. Ex. 2, para. 10.  Therefore, Plaintiffs are entitled to an award of attorneys' fees and expenses.

**II**

**PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES FOR ALL TIME REASONABLY EXPENDED**

The basic principle for determining an appropriate attorneys' fee award under federal fee-shifting statutes was set forth by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983): "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

Hourly rates have been agreed upon by the parties in the Settlement Order for all work monitoring the Settlement Order and work on behalf of individual class members.  Settlement Order, Pl. Ex. 1, paras. 64-65; *see* Pl. Ex. 4 (updated rates).  The parties did not agree to rates for

4

non-monitoring work, including the work of Plaintiffs' counsel on enforcement motions, appellate work, settlement work, and attorneys' fees applications. However, as shown below (p. 8), this Court has decided appropriate rates for similar work by Plaintiffs' counsel in this case. *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 11-15 (D.D.C. 2000) ("*Salazar I*"); *see also Salazar v. District of Columbia*, 750 F. Supp. 2d 70, 72-74 (D.D.C. 2011) ("*Salazar II*"); *Salazar v. District of Columbia*, 991 F. Supp. 2d 39, 47 (D.D.C. 2014) ("*Salazar III*"); *Salazar v. District of Columbia*, 30 F. Supp. 3d 47, 51-52 (D.D.C. 2014) ("*Salazar IV*"). These rates, adjusted for inflation, apply to the attorneys' fees work in this motion which is not subject to the agreed upon rates in paragraphs 64 and 65 of the Settlement Order.

The Court must determine the amount of time reasonably expended on the litigation. *Hensley v. Eckerhart*, *supra*, 461 U.S. at 434. The time included in this application was for work directly related to the representation of the class and, therefore, was reasonably expended. The work of Plaintiffs' counsel for the period from October 1, 2022 through December 31, 2022, is set forth in the time records of Plaintiffs' counsel that summarize the work performed by category and subcategory in Plaintiffs' Exhibits 6 and 7 attached. As stated above, Plaintiffs have agreed with Defendants to compromise the amount of their attorneys' fees in order to reach a settlement.

Before submitting their fees request to the Defendants, Plaintiffs eliminated significant time in the exercise of billing judgment. *See* Millian Aff., Pl. Ex. 2, paras. 8-9. The fact that Plaintiffs have made significant reductions to their requested fees in the exercise of billing judgment and have further compromised the remaining amount of fees to reach a settlement supports the determination that this fees request is reasonable.

## III

**PLAINTIFFS ARE ENTITLED TO COMPENSATION FOR THEIR REASONABLE HOURS UNDER THE RATES AGREED TO IN THE SETTLEMENT ORDER**

A.    **THE RATES SET FORTH IN THE SETTLEMENT ORDER APPLY TO THE WORK OF MONITORING DEFENDANTS' COMPLIANCE WITH THE SETTLEMENT ORDER AND WORK ON INDIVIDUAL CLAIMS**

In the Settlement Order, the parties agreed to attorneys' fees rates for "monitoring Defendants' compliance with this Order"[1] (Pl. Ex. 1, para. 65) and for work on the "claims of individual class member (individual claims) (*id.*, para. 64).

In 1998, the rates for monitoring work were $265 for Kathleen Millian and Jane Perkins, a maximum rate of $200 for monitoring work by any other attorney, and $75 for paralegals.  Pl. Ex. 1, para. 65.  The rates are adjusted annually for inflation based on the Consumer Price Index for Legal Services.

For 2022, monitoring work rates were $600 for Kathleen Millian and Jane Perkins; $453 for the maximum rate for other attorneys; and $170 for paralegals.  Pl. Ex. 4, p. 3.

In 1998, the rate for work on individual claims was limited to $75, regardless of the experience level of the attorney performing the work.  This rate is also adjusted annually for inflation based on the Consumer Price Index for Legal Services.  *See* Pl. Ex. 1, para. 64.  For 2022, the inflation-adjusted rate for individual claims work by attorneys was $170.  *See* Pl. Ex. 4, p. 3.

---

[1] The 1998 rates are updated annually, as provided in the Settlement Order, by using the Legal Services component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.  *See* Pl. Exs. 3-4.  The method for updating is described in paragraph 17 of the Millian Affidavit.

B.    **PLAINTIFFS ARE ENTITLED TO COMPENSATION FOR THEIR WORK IN MONITORING THE SETTLEMENT ORDER IN THE FOURTH QUARTER OF 2022**

For the fourth quarter of 2022, Terris, Pravlik & Millian, LLP (hereafter, "Terris, Pravlik & Millian") monitored Defendants' compliance with the Settlement Order.

This work included reviewing, monitoring, and analyzing data in Defendants' quarterly Early and Periodic Screening, Diagnostic and Treatment (EPSDT) services HealthCheck and Notice and Outreach Reports; reviewing the FY 2022 fourth quarter updates to the Participant Ratio Corrective Action Plans (CAPs) from each Managed Care Plan (MCP)[2] and meeting with defendants to discuss these; monitoring the DC Register for regulations affecting the plaintiff class and Defendants' compliance; developing settlement offers and engaging in settlement discussions with Defendants concerning a strategy to exit the Settlement Order and terminate the case,[3] and providing status updates to the Court concerning these settlement discussions.

The work is summarized in the Millian Affidavit (Pl. Ex. 2, para. 13).  The hours are set forth in Plaintiffs' time records (Pl. Ex. 6) and in the summary of the hours expended (Pl. Ex. 7).

C.    **PLAINTIFFS ARE ENTITLED TO COMPENSATION FOR THEIR WORK ON INDIVIDUAL CLAIMS IN THE FOURTH QUARTER OF 2022**

In the fourth quarter of 2022, Plaintiffs assisted dozens of individual Medicaid beneficiaries with issues related to the Settlement Order and, pursuant to paragraph 64 of the Settlement Order, are entitled to compensation at the paralegal rate for such work, regardless of the level of experience of the attorney performing the work.  The types of cases handled by Plaintiffs' counsel

---

[2] Formerly referred to as Managed Care Organizations or MCOs.

[3] In *Salazar I*, 123 F. Supp. 2d at 10-11, this Court held that the below-market rates in paragraph 65 of the Settlement Order do not apply to "the fees sought for the work of Plaintiffs' counsel on . . . settlement."  Nonetheless, in the interest of advancing the current exit strategy settlement discussions, Plaintiffs are seeking only the Settlement Order rates for their settlement work.  *See* Millian Aff., Pl. Ex. 2, para. 14.

are summarized in the Millian Affidavit (Pl. Ex. 2, para. 15).  The hours are set forth in Plaintiffs'

time records (Pl. Ex. 6) and in the summary of the hours expended (Pl. Ex. 7).

IV

## PLAINTIFFS ARE ENTITLED TO FEES BASED ON PREVAILING MARKET RATES FOR COMPLEX FEDERAL LITIGATION

Plaintiffs' "non-monitoring work" on behalf of the plaintiff class is not subject to the rates

agreed upon in the Settlement Order.  In *Salazar I*, *supra*, 123 F. Supp. 2d at 11-15, and in all

subsequent fee rulings (*Salazar II*, *supra*, 750 F. Supp. 2d at 72-74; *Salazar III*, *supra*, 991 F.

Supp. 2d at 47; *Salazar IV*, *supra*, 30 F. Supp. 3d at 51-52), this Court determined that rates for

similar non-monitoring work should be based on the *Laffey* matrix and be adjusted for inflation

according to the Legal Services Index (LSI) of the Nationwide Consumer Price Index.  In 2015,

the Court of Appeals for the District of Columbia Circuit affirmed the most recent fee rulings by

this Court (*Salazar III* and *Salazar IV*), holding that *Laffey* rates based on the LSI were reasonable

for the non-monitoring work sought by Plaintiffs in the 2011 and 2012 fee applications.  *Salazar

v. District of Columbia*, 809 F.3d 58, 63-65 (D.C. Cir.).  Thus, for the non-monitoring work in this

fee application, Plaintiffs are entitled to compensation based on these rates.

The LSI *Laffey* matrix rates applicable to work performed in this fee petition, updated as

of May 31 of each year, are set forth in Plaintiffs' Exhibit 5 and described in the Millian Affidavit

(Pl. Ex. 2, paras. 19-21).

As set forth in the Millian Affidavit (Pl. Ex. 2, para. 16), Plaintiffs performed attorneys'

fees litigation work in the period covered in this fee petition.  The attorneys' fees work included

the preparation of Plaintiffs' fees request for settlement of the third quarter of 2022, negotiations

for the settlement of fees for the second quarter of 2022, the preparation and submission of

Plaintiffs' application for fees from the fourth quarter of 2021 through the first quarter of 2022,

8

and a small amount of work for the preparation of Plaintiffs' application for fees for the second quarter of 2022.

V

### PLAINTIFFS' CO-COUNSEL IS ENTITLED TO COMPENSATION FOR HER REASONABLE HOURS

In addition to compensation for work performed by lead counsel for the plaintiff class, Terris, Pravlik & Millian, Plaintiffs also seek compensation for their co-counsel, Jane Perkins of the National Health Law Program (NHeLP). Ms. Perkins' affidavit and contemporaneous time records for the time period in this application are submitted as Plaintiffs' Exhibits 9 and 10. Plaintiffs seek $1,260.00 in fees for Ms. Perkins of NHeLP for her work in the fourth quarter of 2022.

VI

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE LITIGATION EXPENSES

In addition to reasonable attorneys' fees, Plaintiffs request an award for out-of-pocket litigation expenses incurred by their counsel. The total amount of expenses incurred in the time period encompassed by this fee application is $573.22. *See* Millian Aff., Pl. Ex. 2., para. 24. Plaintiffs' expenses included out-of-pocket expenses for document production, including external document production, messenger delivery fees, and Westlaw charges. As explained in the Millian Affidavit (*Id.*, para. 25), these categories are ordinarily billed to fee-paying clients in the Washington, DC market and, in this matter, would have been billed to Plaintiffs if they had been paying fees.

A summary of the litigation expenses is contained in Plaintiffs' Exhibit 8 and described in narrative form in the Millian Affidavit (Pl. Ex. 2, para. 25). The documentation for the expenses

is not attached.  If the Court or a member of the plaintiff class wishes to examine the documentation, we will promptly provide it.

## CONCLUSION

Plaintiffs' litigation costs, including attorneys' fees, for the fourth quarter of 2022 are as follows:

| | |
|---|---|
| Attorneys' Fees of Terris, Pravlik & Millian, LLP | $88,362.29 |
| Attorneys' Fees of Co-counsel | $1,260.00 |
| Expenses | $573.22 |
| **TOTAL** | <u>$90,195.51</u> |

The total amount requested in this fees motion is $90,195.51.  However, the parties have agreed to settle Plaintiffs' fees and expenses for $76,666.18.  A proposed order is attached.

After a period of at least 30 days of notice to the plaintiff class of this fees request, Plaintiffs will make a filing to inform the Court that it may enter the Order awarding fees and expenses in the amount of $76,666.18.

Respectfully submitted,

 /s/ *Zenia Sanchez Fuentes*

KATHLEEN L. MILLIAN, Bar #412350
ZENIA SANCHEZ FUENTES, Bar #500036
Terris, Pravlik & Millian, LLP
1816 12th Street, NW, Suite 303
Washington, DC  20009-4422
(202) 682-2100, ext. 8484


JANE PERKINS
NATIONAL HEALTH LAW PROGRAM
200 North Greensboro Street
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
(919) 968-6308

*Counsel for Plaintiffs*

September 7, 2023

## LIST OF EXHIBITS

| Number | Description |
|--------|-------------|
| 1 | Excerpt of Fees Provisions from "Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997" ("Settlement Order"), January 25, 1999, ECF No. 663, and Consent Order Modifying Paragraph 67 of the "Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997" (ECF No. 663), March 19, 2013, ECF No.1801 |
| 2 | Affidavit of Kathleen L. Millian |
| 3 | U.S. Department of Commerce, Bureau of Labor Statistics, Legal Services Component of the Consumer Price Index – 2022 |
| 4 | Settlement Order Paragraph 64 and 65 Rates Updated to 2022 |
| 5 | *Laffey* Matrix Updated by the Legal Services Component of the Consumer Price Index, through May 31, 2023 |
| 6 | Time Records for Fourth Quarter of 2022 (October 1, 2022 through December 31, 2022) |
| 7 | Summary of Fees by Category and Rate for Fourth Quarter of 2022 (October 1, 2022 through December 31, 2022) |
| 8 | Summary of Expenses for Fourth Quarter of 2022 (October 1, 2022 through December 31, 2022) |
| 9 | Time Records of Jane Perkins Fourth Quarter of 2022 (October 1, 2022 through December 31, 2022) |
| 10 | Affidavit of Jane Perkins |
| 11 | Resumes of Terris, Pravlik & Millian, LLP, Attorneys |