UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JAN 27 1999
Plaintiffs' Exhibit
1
Civ. No. 93-452 (TSC)

EXCERPT

OSCAR SALAZAR, et al.,         )
on behalf of themselves        )
and all others similarly       )
situated,                      )
                               )
         Plaintiffs,           )
                               )
    v.                         )   Civil Action No. 93-452 (GK)
                               )
THE DISTRICT OF COLUMBIA,      )   FILED
et al.,                        )
                               )   JAN 25 1999
         Defendants.           )
                               )   NANCY MAYER-WHITTINGTON, CLERK
_____)         U.S. DISTRICT COURT

ORDER MODIFYING THE AMENDED REMEDIAL ORDER OF MAY 6, 1997
AND VACATING THE ORDER OF MARCH 27, 1997

WHEREAS, the parties desire to resolve the pending appeals in this case,

WHEREAS, upon consideration of Plaintiffs' motion for entry of this Order Modifying the Amended Remedial Order of May 6, 1997, and Vacating the Order of March 27, 1997 (hereafter "Order"), and Defendants' response agreeing to the motion, the Court concludes that the modifications to the Amended Remedial Order of May 6, 1997, and the vacation of the Order of March 27, 1997, set forth herein are fair, reasonable and adequate,

IT IS, this _22nd_ day of _January_, 1999, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Amended Remedial Order of May 6, 1997, and the Order of March 27, 1997, are vacated.

I. Monitor

2. Thomas W. Chapman, M.P.H., FACHE, served as Monitor pursuant to Orders of the Court from March 10, 1997, to June 16, 1998. The parties understand that the Court is in the process of

SPINDLE # 42
ITEM # 667

of-pocket medical expenses that, but for Defendants' error, should have been paid by Medicaid.

62. Defendants shall provide corrective payments to Medicaid recipients who have incurred out-of-pocket medical expenses that should have been paid by Medicaid to all current and future Medicaid recipients and all those who were Medicaid recipients or were eligible for Medicaid at any time since March 2, 1990. Reimbursement of class members shall be made when the class member presents reasonable and reliable documentation or other evidence of their out-of-pocket expenses.

63. In an Order dated September 15, 1997, after considering the Monitor's report and the positions of the parties, the Court issued a Reimbursement Procedures Order setting forth the procedures for reimbursing Medicaid recipients for out-of-pocket expenses incurred since March 2, 1990. In an Order Partially Modifying the Reimbursement Procedures of the Amended Remedial Order of May 6, 1997, and the Reimbursement Procedures Order of September 15, 1997, entered on July 30, 1998, the Court set forth further procedures concerning reimbursement.

VIII. Monitoring Fees to Plaintiffs' Counsel

64. Plaintiffs' counsel may respond to all calls which come to their office and make reasonable inquiry to determine whether the caller is a member of the plaintiff class. If the caller is a member of the plaintiff class, Plaintiffs' counsel may provide the caller with legal assistance. The reasonable time and expenses of Plaintiffs' counsel in making such inquiry and providing such legal

assistance shall be deemed compensable monitoring of this Order under 42 U.S.C. § 1988 and applicable law interpreting that statutory provision. The hourly rate for handling the claims of individual class members shall be $75/hour, regardless of the experience level of the lawyer who performs the work. This hourly rate shall be adjusted annually, beginning on January 1, 1999, based on the U.S. Department of Commerce Consumer Price Index for Legal Services.

65. Other reasonable attorney time by Plaintiffs' counsel in monitoring Defendants' compliance with this Order shall be compensated at the rate of $315/hour for the time of Bruce J. Terris and Lynn Cunningham, and $265/hour for the time of Kathleen L. Millian and Jane Perkins. Reasonable paralegal time shall be compensated at the rate of $75/hour. If attorneys other than those mentioned specifically in this paragraph perform monitoring work, the parties shall use their best efforts to agree to an hourly rate for the attorney, which shall not exceed $200/hour. These hourly rates shall be adjusted annually, beginning on January 1, 1999, based on the U.S. Department of Commerce Consumer Price Index for Legal Services.

66. The rates set forth in paragraphs 64 and 65 above for Plaintiffs' monitoring of Defendants' compliance with this Order were based on compromise and the parties do not intend these rates to apply for any purpose other than those set forth in paragraphs 64 and 65. Defendants take the position that the reasonable rates for Plaintiffs' counsel are lower than those set forth in

41

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSCAR SALAZAR, *et al.*, on behalf )
of themselves and all others )
similarly situated, )
                      Plaintiffs, )
)
                v. )    Civil Action No. 93-452 (GK)
)    *In Forma Pauperis*
THE DISTRICT OF COLUMBIA, )
*et al.*, )
                      Defendants. )
                                     )

### CONSENT ORDER MODIFYING PARAGRAPH 67 OF THE "ORDER MODIFYING THE AMENDED REMEDIAL ORDER OF MAY 6, 1997 AND VACATING THE ORDER OF MARCH 27, 1997" (ECF NO. 663)

WHEREAS, the parties have conferred regarding a more efficient manner in which to address plaintiffs' on-going requests for attorneys' fees and expenses and agreed to modifications to paragraph 67 of the Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997 ("Settlement Order"), January 25, 1999, ECF No. 663;

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

Paragraph 67 of the Settlement Order (ECF No. 663) is deleted and replaced with the following:

    67. Plaintiffs' applications for fees and expenses shall cover, beginning for the first quarter of 2013, quarterly periods. Plaintiffs shall submit to Defendants their applications for fees and expenses within 90 days of the end of each calendar quarter. Plaintiffs shall submit to Defendants their fees and expenses for 2012 within 120 days of entry of this Order. Plaintiffs shall also submit to Defendants any application for fees and expenses previously held in abeyance within 120 days of the date that the fees

and expenses have become ripe for collection. Defendants shall respond to each application of plaintiffs by making a settlement proposal for a sum certain as to the fees and expenses at issue, or by informing plaintiffs that no settlement proposal will be made, within 45 days of submission of the application, or, in the case of the 2012 fees application, within 60 days of submission of that application. Plaintiffs may seek from the Court an extension of time to submit to Defendants any of the fee applications contemplated by this paragraph. Defendants may seek from the Court an extension of time to provide a response to Plaintiffs to any of the fee applications contemplated by this paragraph. If the parties cannot agree on the amount of fees and expenses in an application, Plaintiffs may make a motion to the Court 55 days after submission of the fees application to Defendants or, in the case of the 2012 fees application, within 70 days after submission of that application.

67A. Plaintiffs may move the Court at any time for their fees and expenses for 2011.

IT IS SO ORDERED THIS 18th DAY OF March, 2013.

_Gladys Kessler_
GLADYS R. KESSLER
UNITED STATES DISTRICT JUDGE

2