**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OSCAR SALAZAR, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil No. 93-452 (TSC)<br>*In Forma Pauperis* |

**PLAINTIFFS' UNOPPOSED MOTION FOR AN AWARD OF LITIGATION
COSTS, INCLUDING ATTORNEYS' FEES AND EXPENSES,
FOR THE THIRD QUARTER OF 2025**

Pursuant to the terms of the January 25, 1999 Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997 (ECF 663) ("Settlement Order"), 42 U.S.C. § 1988, and the Order of July 19, 2004 (ECF 1029) ("July 19, 2004 Order"), Plaintiffs move this Court for an award of attorneys' fees and expenses for their work representing the Plaintiff class in this matter for the third quarter of 2025.

Prior to filing this attorneys' fees request, Plaintiffs followed the procedures in paragraph 67 of the Settlement Order, as amended by the Court's Order of March 19, 2013 (ECF 1801), which provides that Plaintiffs make their fees request first to Defendants and allow the Parties a 45-day period to attempt to settle the attorneys' fees or make a motion to the Court if no agreement is reached within 55 days after submission of the fees request to Defendants. *See* Pl. Ex. 1. The Parties reached an agreement to settle Plaintiffs' request for fees and expenses for the third quarter of 2025. Therefore, this motion requests an award of $186,771.12 from the Court.

The July 19, 2004, Order sets forth procedures to comply with Rule 23(h)(1) of the Federal Rules of Civil Procedure, which provides that attorneys' fee awards in a class action must be made on motion and that notice must be given to class members. The July 19, 2004, Order provides that, if the Parties reach agreement on the amount of attorneys' fees, Plaintiffs must file an unopposed motion for an award of the agreed amount with documentation of their fees and expenses and allow at least 30 days for notice to the class. Since the Parties have reached an agreement to settle Plaintiffs' request for attorneys' fees and expenses by payment of $186,771.12, Plaintiffs file the instant motion.

Pursuant to the July 19, 2004, Order, Plaintiffs are filing a separate motion requesting that the Court order the Clerk of the Court to provide notice of this motion to the Plaintiff class by placing a Notice to the Plaintiff Class on the website of the District Court for the District of Columbia. The July 19, 2004, Order provides that the Court may not rule on this motion until the Notice has been on the Court's website for 30 days. At the conclusion of the 30-day notice period, Plaintiffs will file a notice requesting that the Court enter an order for payment of fees and expenses.

**STATEMENT PURSUANT TO LOCAL RULE 7(m)**

Defendants do not oppose the award of attorneys' fees and expenses set forth in this motion.

Respectfully submitted,

/s/ *Zenia Sanchez Fuentes*

KATHLEEN L. MILLIAN, DC Bar 412350
ZENIA SANCHEZ FUENTES, DC Bar 500036
Terris, Pravlik & Millian, LLP
1816 12th Street, NW, Suite 303
Washington, DC 20009-4422
(202) 682-2100, ext. 8484

JANE PERKINS
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
(919) 968-6308

April 10, 2026                          *Counsel for Plaintiffs*

3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OSCAR SALAZAR, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil No. 93-452 (TSC)<br>*In Forma Pauperis* |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED
MOTION FOR AN AWARD OF LITIGATION COSTS, INCLUDING
ATTORNEYS' FEES AND EXPENSES, FOR THE
THIRD QUARTER OF 2025**

This class action involves the District of Columbia's ("the District") compliance with federal law in the provision of Medicaid to its citizens. On January 25, 1999, the Court entered an Order based on a settlement between the Parties. Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997 (ECF 663) ("Settlement Order"). The Settlement Order (paras. 64-67) includes provisions concerning rates and procedures for the compensation of Plaintiffs' counsel for work done to monitor Defendants' compliance with the Settlement Order. An excerpt of the Settlement Order setting forth the attorneys' fees provisions is attached as Plaintiffs' Exhibit 1. The procedures in those paragraphs have been amended to require quarterly fee petitions by the 2013 "Consent Order Modifying Paragraph 67 of the 'Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997' (ECF 663)" (ECF 1801), which is also attached. *See* Pl. Ex. 1, pp. 4-5.

For the three-month period from July 1, 2025, through September 30, 2025, Plaintiffs incurred $219,730.73 in attorneys' fees and expenses. Pursuant to the Order of July 19, 2004 (ECF

1029), Plaintiffs submit the instant motion for their fees and expenses and attach documentation substantiating the request. Because the Parties were able to settle this fees request, Plaintiffs now seek only the amount agreed upon in settlement, *i.e.*, $186,771.12. Defendants do not oppose this request.

**ARGUMENT**

**I**

**PLAINTIFFS ARE ENTITLED TO AN AWARD OF LITIGATION COSTS, INCLUDING ATTORNEYS' FEES AND EXPENSES**

The Supreme Court has held that "post-judgment monitoring of a consent decree is a compensable activity for which counsel is entitled to a reasonable fee." *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 559 (1986). All of the work for which Plaintiffs seek payment in this application involves the monitoring of the Settlement Order or work which resulted directly from the monitoring of the Settlement Order, resolution of individual class members' issues, settlement discussions, and attorneys' fees applications. *See* Declaration of Zenia Sanchez Fuentes ("Sanchez Decl."), Pl. Ex. 2, para. 10. Therefore, Plaintiffs are entitled to an award of attorneys' fees and expenses.

**II**

**PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES FOR ALL TIME REASONABLY EXPENDED**

The basic principle for determining an appropriate attorneys' fee award under federal fee-shifting statutes was set forth by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983): "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

Hourly rates have been agreed upon by the Parties in the Settlement Order for all work monitoring the Settlement Order and work on behalf of individual class members. Pl. Ex. 1, paras.

5

64-65; *see* Pl. Ex. 5 (updated rates). The Parties did not agree to rates for non-monitoring work, including the work of Plaintiffs' counsel on enforcement motions, appellate work, settlement work, and attorneys' fees applications. However, as shown below (pp. 8-9), this Court has decided appropriate rates for similar work by Plaintiffs' counsel in this case. *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 11-15 (D.D.C. 2000) ("*Salazar I*"); *see also Salazar v. District of Columbia*, 750 F. Supp. 2d 70, 72-74 (D.D.C. 2011) ("*Salazar II*"); *Salazar v. District of Columbia*, 991 F. Supp. 2d 39, 47 (D.D.C. 2014) ("*Salazar III*"); *Salazar v. District of Columbia*, 30 F. Supp. 3d 47, 51-52 (D.D.C. 2014) ("*Salazar IV*"). These rates, adjusted for inflation, apply to the attorneys' fees work in this motion that is not subject to the agreed upon rates in paragraphs 64 and 65 of the Settlement Order.

The Court must determine the amount of time reasonably expended on the litigation. *Hensley v. Eckerhart*, *supra*, 461 U.S. at 434. The time included in this application was for work directly related to the representation of the class and, therefore, was reasonably expended. The work of Plaintiffs' counsel for the period from July 1, 2025, through September 30, 2025, is set forth in the time records of Plaintiffs' counsel that summarize the work performed by category and subcategory in Plaintiffs' Exhibits 6 and 7 attached. As stated above, Plaintiffs have agreed with Defendants to compromise the amount of their attorneys' fees in order to reach a settlement.

Before submitting their fees request to the Defendants, Plaintiffs eliminated significant time in the exercise of billing judgment. *See* Sanchez Decl., Pl. Ex. 2, paras. 8-9. The fact that Plaintiffs have made significant reductions to their requested fees in the exercise of billing judgment and have further compromised the remaining amount of fees to reach a settlement supports the determination that this fees request is reasonable.

# III

## PLAINTIFFS ARE ENTITLED TO COMPENSATION FOR THEIR REASONABLE HOURS UNDER THE AGREED RATES SET FORTH IN THE SETTLEMENT ORDER

**A.    THE RATES SET FORTH IN THE SETTLEMENT ORDER APPLY TO THE WORK OF MONITORING DEFENDANTS' COMPLIANCE WITH THE SETTLEMENT ORDER AND WORK ON INDIVIDUAL CLAIMS**

In the Settlement Order, the Parties agreed to attorneys' fees rates for "monitoring Defendants' compliance with this Order"[1] (Pl. Ex. 1, para. 65) and for work on the "claims of individual class members" (individual claims) (*id.*, para. 64).

In 1998, the rates for monitoring work were $265 for Kathleen Millian and Jane Perkins, a maximum rate of $200 for monitoring work by any other attorney, and $75 for paralegals. Pl. Ex. 1, para. 65. The rates are adjusted annually for inflation based on data for the Legal Services industry published by the Bureau of Labor Statistics.

For 2025, monitoring work rates were $748 for Kathleen Millian and Jane Perkins; $565 for the maximum rate for other attorneys; and $212 for paralegals. Pl. Ex. 5, p. 4.

In 1998, the rate for work on individual claims was limited to $75, regardless of the experience level of the attorney performing the work. This rate is also adjusted annually for inflation based on Bureau of Labor Statistics' data for the Legal Services industry. *See* Pl. Ex. 1, para. 64. For 2025, the inflation-adjusted rate for individual claims work by attorneys was $212. *See* Pl. Ex. 5, p. 4.

---

[1] The 1998 rates are updated annually, as provided in the Settlement Order, by using the Legal Services component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor until 2024 and then by the Bureau of Labor Statistics' Producer Price Index by Industry: Offices of Lawyers (PPI-OL). *See* Pl. Exs. 3-4. The method for updating is described in paragraph 19 of the Sanchez Declaration.

**B.**     **PLAINTIFFS ARE ENTITLED TO COMPENSATION FOR THEIR WORK IN MONITORING THE SETTLEMENT ORDER IN THE THIRD QUARTER OF 2025**

For the third quarter of 2025, Terris, Pravlik & Millian, LLP (hereafter, "Terris, Pravlik & Millian") spent 124 hours (of a total of 712 hours (*see* Pl. Ex. 8)) monitoring Defendants' compliance with the Settlement Order and working with the District and the mediators to develop an exit strategy for the case.[2]

This work included drafting a letter to Defendants concerning recognized improvement strategies on the performance of managed care plans on the delivery of Early and Periodic Screening, Diagnostic and Treatment (EPSDT) services; reviewing sanctions assessed against managed care plans related to participant ratio; reviewing, monitoring, and analyzing data in Defendants' quarterly EPSDT services HealthCheck and Notice and Outreach Report; attending DC Medical Care Advisory Committee meetings; providing an annual certification regarding the use of InterQual Criteria for home health services as required by the 2011 Protective Order by Consent (ECF 1762); monitoring District of Columbia legislation affecting the provision of EPSDT services to the Plaintiff class and Defendants' compliance with the Settlement Order; preparing and providing testimony at the District of Columbia Council oversight hearing on the performance of the Medicaid managed care plans; developing settlement offers, and engaging in mediation with Defendants concerning a strategy to exit the Settlement Order and terminate the case, and drafting and editing a Settlement Agreement to replace the Settlement Order.

---

[2] In *Salazar I,* 123 F. Supp. 2d at 10-11, this Court held that the below-market rates in paragraph 65 of the Settlement Order do not apply to the "fees sought for the work of Plaintiffs' counsel on . . . settlement." Nonetheless, in the interest of advancing the exit strategy settlement discussions that concluded in October 2025, Plaintiffs are seeking only the Settlement Order rates for their settlement work. Sanchez Decl., Pl. Ex. 2, para. 14.

The work is summarized in the Sanchez Declaration (Pl. Ex. 2, para. 13). The hours are set forth in Plaintiffs' time records (Pl. Ex. 7) and in the summary of the hours expended (Pl. Ex. 8).

**C.    PLAINTIFFS ARE ENTITLED TO COMPENSATION FOR THEIR WORK ON INDIVIDUAL CLAIMS IN THE THIRD QUARTER OF 2025**

In the third quarter of 2025, Plaintiffs' counsel spent a total of 588 hours assisting numerous individual Medicaid class members with issues related to the Settlement Order, including grievances, appeals, and fair hearings against the HSCSN managed care plan. Pursuant to paragraph 64 of the Settlement Order, Plaintiffs' counsel are entitled to compensation at the paralegal rate for such work, regardless of the level of experience of the attorney performing the work. The types of cases handled by Plaintiffs' counsel are summarized in the Sanchez Declaration (Pl. Ex. 2, para. 15). The hours are set forth in Plaintiffs' time records (Pl. Ex. 7) and in the summary of the hours expended (Pl. Ex. 8).

**IV**

**PLAINTIFFS ARE ENTITLED TO FEES BASED ON PREVAILING MARKET RATES FOR COMPLEX FEDERAL LITIGATION**

Terris, Pravlik & Millian's "non-monitoring work" on behalf of the Plaintiff class, which amounted to 21.5 hours of the total hours billed, is not subject to the rates agreed upon in the Settlement Order. In *Salazar I*, *supra*, 123 F. Supp. 2d at 11-15, and in all subsequent fee rulings (*Salazar II*, *supra*, 750 F. Supp. 2d at 72-74; *Salazar III*, *supra*, 991 F. Supp. 2d at 47; *Salazar IV*, *supra*, 30 F. Supp. 3d at 51-52), this Court determined that rates for similar non-monitoring work should be based on the *Laffey* matrix and be adjusted for inflation according to Legal Services industry data from the Bureau of Labor Statistics. In 2015, the Court of Appeals for the District of Columbia Circuit affirmed the most recent fee rulings by this Court (*Salazar III* and *Salazar IV*), holding that *Laffey* rates based on the LSI were reasonable for the non-monitoring work sought by Plaintiffs in the 2011 and 2012 fee applications. *Salazar v. District of Columbia*, 809 F.3d 58, 63-

65 (D.C. Cir.). Thus, for the non-monitoring work in this fee application, Plaintiffs are entitled to compensation based on these rates.

By 2025, the Bureau of Labor Statistics was no longer consistently issuing the legal services component of the Consumer Price Index, which Plaintiffs used to adjust the *Laffey* matrix for inflation. *See* Pl. Ex. 3 (only six months with data points in 2023; only two data points in 2024). Therefore, starting on June 1, 2024, Plaintiffs updated the *Laffey* matrix for inflation based on the Bureau of Labor Statistics' Producer Price Index by Industry: Offices of Lawyers (PPO-OL), rather than the legal services component of the Consumer Price Index. *See* Pl. Ex. 4; *see also* Sanchez Decl., Pl. Ex. 2, paras. 21-22.

The LSI *Laffey* matrix rates applicable to work performed in this fee petition, updated as of June 1 of each year, are set forth in Plaintiffs' Exhibit 5 and described in the Sanchez Declaration (Pl. Ex. 2, paras. 21-23). As set forth in the Sanchez Declaration (*id.*, para. 18), Plaintiffs performed attorneys' fees litigation work in the period covered in this fee petition. The attorneys' fees work included the preparation of Plaintiffs' application for fees to the Court for the fourth quarter of 2024, the preparation and submission of a fees request for settlement of the second quarter of 2025, and negotiations of Plaintiffs' fee request for the first quarter of 2025.

V

### PLAINTIFFS' CO-COUNSEL IS ENTITLED TO COMPENSATION FOR HER REASONABLE HOURS

In addition to compensation for work performed by lead counsel for the Plaintiff class, Terris, Pravlik & Millian, Plaintiffs also seek compensation for their co-counsel, Jane Perkins of the National Health Law Program (NHeLP). Ms. Perkins' declaration and contemporaneous time records for the time period in this application are submitted as Plaintiffs' Exhibits 10 and 11.

Plaintiffs seek $8,452.40 in fees for Ms. Perkins of NHeLP for her work in the third quarter of 2025.

## VI

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE LITIGATION EXPENSES

In addition to reasonable attorneys' fees, Plaintiffs request an award for out-of-pocket litigation expenses incurred by their counsel. The total amount of expenses incurred in the time period encompassed by this fee application is $189.77. *See* Sanchez Decl., Pl. Ex. 2, para. 26. Plaintiffs' expenses included out-of-pocket expenses for document production, local travel, and Westlaw charges. As explained in the Sanchez Declaration (*id.*), these categories are ordinarily billed to fee-paying clients in the Washington, DC market and, in this matter, would have been billed to Plaintiffs if they had been paying fees.

A summary of the litigation expenses is contained in Plaintiffs' Exhibit 8 and described in narrative form in the Sanchez Declaration (Pl. Ex. 2, para. 27). The documentation for the expenses is not attached. If the Court or a member of the Plaintiff class wishes to examine the documentation, we will promptly provide it.

### CONCLUSION

Plaintiffs' litigation costs, including attorneys' fees, for the third quarter of 2025 are as follows:

| | |
|---|---|
| Attorneys' Fees of Terris, Pravlik & Millian, LLP | $211,088.56 |
| Attorneys' Fees of Co-counsel NHeLP | $8,452.40 |
| Expenses | $189.77 |
| **TOTAL** | <u>$219,730.73</u> |

11

The total amount requested in this fees motion is $219,730.73. However, the Parties have agreed to settle Plaintiffs' fees and expenses for $186,771.12. A proposed order is attached.

After a period of at least 30 days of notice to the Plaintiff class of this fees request, Plaintiffs will make a filing to inform the Court that it may enter the Order awarding fees and expenses in the amount of $186,771.12.

Respectfully submitted,

/s/ *Zenia Sanchez Fuentes*

KATHLEEN L. MILLIAN, DC Bar 412350
ZENIA SANCHEZ FUENTES, DC Bar 500036
Terris, Pravlik & Millian, LLP
1816 12th Street, NW, Suite 303
Washington, DC 20009-4422
(202) 682-2100, ext. 8484


JANE PERKINS
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
(919) 968-6308

*Counsel for Plaintiffs*

April 10, 2026

**LIST OF EXHIBITS**

| Number | Description |
|---|---|
| 1 | Excerpt of Fees Provisions from "Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997" ("Settlement Order"), January 25, 1999, ECF 663, and Consent Order Modifying Paragraph 67 of the "Order Modifying the Amended Remedial Order of May 6, 1997 and Vacating the Order of March 27, 1997" (ECF 663), March 19, 2013, ECF 1801 |
| 2 | Declaration of Zenia Sanchez Fuentes |
| 3 | U.S. Department of Commerce, Bureau of Labor Statistics, Legal Services Component of the Consumer Price Index (1989-2024) |
| 4 | U.S. Department of Commerce, Bureau of Labor Statistics, Producer Price Index by Industry: Offices of Lawyers (PPI-OL), (1997-2025) |
| 5 | Settlement Order Paragraph 64 and 65 Rates Updated to 2025 |
| 6 | *Laffey* Matrix Updated by the Legal Services Component of the Consumer Price Index and the Producer Price Index for Offices of Lawyers through 2025-2026 |
| 7 | Time Records for Third Quarter of 2025 (July 1, 2025, through September 30, 2025) |
| 8 | Summary of Time Records for Third Quarter of 2025 (July 1, 2025, through September 30, 2025) |
| 9 | Summary of Expense Records for Third Quarter of 2025 (July 1, 2025, through September 30, 2025) |
| 10 | Time Records of Jane Perkins Third Quarter of 2025 (July 1, 2025, through September 30, 2025) |
| 11 | Declaration of Jane Perkins |
| 12 | Resumes of Terris, Pravlik & Millian, LLP, Attorneys |